**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: WHIRLPOOL FRONT-LOADING WASHER PRODUCTS LIABILITY LITIGATION** | ) CIVIL ACTION NO.: 1:08-cv-65000 <br> ) <br> ) JUDGE: JAMES S. GWIN <br> ) <br> ) MAGISTRATE: GREG WHITE <br> ) <br> ) **REPORT OF PARTIES' PLANNING** <br> ) **MEETING UNDER FED. R. CIV. P.** <br> ) **26(f) AND LR 16.3(b)(3)** <br> ) |

1.      Pursuant to Fed. R. Civ. P. 26(f) and LR 16:3(b)(3), several telephone conferences were held, including on January 9 and 28, 2009, and were attended by:

| | | |
|---|---|---|
| <u>Jonathan Selbin/Mark Chalos</u> | Lead Counsel for | <u>Plaintiffs Gina Glazer, Pramila Gardner, Jeff Glennon, Karen P. Hollander, Rebecca Nordan, Maggie O'Brien, Tracie Snyder, Andrea Strong, and Jane Werman, Bonnie Beierschmitt, Phil Torf, Sylvia Bicknell, Sonja Sandholm-Pound, and Victoria Poulsen</u> |
| <u>                                  </u> | counsel for | <u>Plaintiffs Donna Seeherman, Susan Hirsh, and Maura Cohen</u> |
| <u>Michael T. Williams</u> | counsel for | <u>Defendant Whirlpool Corporation</u> |
| <u>Galen D. Bellamy</u> | counsel for | <u>Defendant Whirlpool Corporation</u> |

792628.1

2. The parties:

__X__ will exchange initial disclosures by February 13, 2008.

____ have not been required to make initial disclosures.

____ have exchanged the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) and the Court's prior order.

3. The parties recommended the following track:

____ Expedited      ____ Standard

____ Administrative      __X__ Complex

____ Mass Tort

4. This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

     ____ Early Neutral Evaluation

     ____ Mediation

     ____ Arbitration

     ____ Summary Jury Trial

     ____ Summary Bench Trial

     __X__ Case not suitable for ADR

5. The parties ____ do/ __X__ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

792628.1

6. Recommended Discovery Plan:

   (a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery.

      1) Discovery in this MDL proceeding primarily will focus on Whirlpool's engineering design, testing, manufacturing, marketing, sales, and servicing of "Access platform" (a.k.a. "Matador" and "Sierra" platforms) and "Horizon platform" front-loading washing machines; knowledge of Whirlpool and others regarding mold, mildew, and foul odors that allegedly develop in the front-loading washers and customer complaints regarding said problems with the washers; whether Whirlpool's conduct violated the consumer protection statutes of various states at issue and/or violated implied or express warranties; whether the design and manufacture of the machines was and is defective; whether Whirlpool gave adequate warnings to customers; and the decisions by the plaintiffs and others to purchase those washing machines, the sales transactions with Whirlpool or retailers, and the use, care, maintenance, problems, and repairs of the washing machines by the plaintiffs and others.

      2) The parties agree that, given the multi-party nature of this action, the parties should be exempted from compliance with Rule 30(a)(2)(A)'s 10-deposition limit and Rule 33(a)'s 25-interrogatory limit. Plaintiffs, collectively, should be permitted to take up to 20 depositions of Whirlpool's representatives. Whirlpool should be permitted to take one

deposition of each named plaintiff and depositions of up to 15 additional fact witnesses. Plaintiffs, collectively, should be permitted to serve Whirlpool with up to 75 interrogatories. Whirlpool should be permitted to serve up to 25 interrogatories on each named plaintiff. The parties may confer and agree to increase the number of allowable interrogatories or depositions, or both, and if the parties fail to so agree, any party may seek leave of the Court to serve additional interrogatories or to take additional depositions.

3) The parties propose the following case management deadlines:

   i) Deadline for adding parties or amending pleadings: **February 13, 2009**

   ii) Deadline for Defendant's answers and motions to dismiss: **March 6, 2009**

   iii) Plaintiffs' responses to motions to dismiss: **March 27, 2009**

   iv) Defendant's replies to Plaintiffs' responses: **April 10, 2009**

   v) Deadline for Whirlpool to complete its rolling productions of documents: **May 15, 2009**

   vi) Depositions of Plaintiffs shall be completed by: **June 12, 2009**.

   vii) All parties shall identify experts, if any, and provide Rule 26(a)(2) reports: **July 17, 2009**

   viii) Parties shall identify any rebuttal experts or rebuttal opinions and provide or supplement any Rule 26(a)(2) reports accordingly: **August 17, 2009**

   ix) Deadline to depose experts: **September 18, 2009**

x) **Class Certification Briefing**:  The parties disagree concerning whether the parties should brief class certification with respect to all of the related actions at the same time, or whether the parties should brief class certification with respect to a single case first.

<u>Plaintiffs' Proposed Briefing/Hearing Schedule:</u>

(a) Plaintiffs' motion/brief for class certification in *Glazer v. Whirlpool*:  **September 30, 2009**

(b) Defendant's responses to class motion in *Glazer v. Whirlpool*:  **October 28, 2009**

(c) Plaintiffs' reply to class response in *Glazer v. Whirlpool*:  **November 13, 2009**

(d) Class certification hearing in *Glazer*/status conference:  **December 2, 2009**

(e) Deadline for filing all class certification motions for remaining MDL cases:  **January 18, 2010**

(f) Deadline for opposing class certification motions for remaining MDL cases:  **February 18, 2010**

(g) Deadline for replies to class certification motions for remaining MDL cases:  **March 2, 2010**

(h) Class certification hearing in remaining MDL cases: **March 10, 2010**

<u>Defendants' Proposed Briefing Schedule:</u>

(a) Plaintiffs' motions/briefs for class certification in all related actions:  **September 30, 2009**

(b) Defendant's responses to class motions in all related actions:  **November 13, 2009**

(c) Plaintiffs' replies to class responses in all related actions:  **December 9, 2009**

5

792628.1

     (d)  Class certification hearing/status conference in all related actions: **December 17, 2009**

  xi) Deadline for completing discovery needed to support or defend dispositive motions: **January 29, 2010**

  xii) Deadline for parties to conduct mediation, if mutually agreeable: **January 29, 2010**

  xiii) Deadline for filing all dispositive motions: **March 1, 2010**

  xiv) Deadline for opposing dispositive motions: **March 31, 2010**

  xv) Deadline for replies to dispositive motions: **April 21, 2010**

  xvi) Deadline for all remaining discovery: **April 30, 2010**

  xvii) Deadline for *Glazer* parties to meet and confer regarding stipulations of fact or law: **May 7, 2010**

  xviii) Remand of non-Ohio actions to transferor courts: **May 7, 2010**

  xix) Deadline for *Glazer* parties to file joint stipulation and trial order, witness lists, and exhibit lists: **May 14, 2010**

  xx) Final pre-trial conference in *Glazer*: **May 19, 2010**

  xxii) Jury trial in *Glazer* commences: **May 24, 2010**

(b) The parties (indicate one):

\_\_\_\_ agree that there will be no discovery of electronically-stored information; or

\_\_\_\_ have agreed to a method for conducting discovery of electronically-stored information; or

\_\_X\_\_ have agreed to follow the default standard for discovery of electronically-stored information (Appendix K to the Northern District Ohio Local Rules).

(c) Discovery cut-off date: <u>April 30, 2010</u>.

6

792628.1

7.     Recommended dispositive motion date: <u>March 1, 2010</u>.

8.     Recommended cut-off date for amending the pleadings and/or adding additional parties: <u>February 13, 2009</u>.

9.     Recommended date for a Status Hearing: <u>If the Court adopts Plaintiffs' proposed class-certification briefing schedule, the class-certification hearing/status conference would occur on or about December 2, 2009.  If the Court adopts Whirlpool's proposed class-certification briefing schedule, the class-certification hearing/status conference would occur on or about December 17, 2009</u>.

10.    Other matters for the attention of the Court:

(a) Plaintiffs' Lead Counsel have made repeated attempts to contact Steven L. Wittels, who is counsel for the Plaintiffs Donna Seeherman, Susan Hirsch, and Maura Cohen, to obtain the *Seeherman* Plaintiffs' comments regarding the parties' planning report and proposed pretrial schedule.  To date, Plaintiffs' Lead Counsel have been unable to reach Mr. Wittels.

(b)

(c)

7

792628.1

7.     Recommended dispositive motion date: <u>March 1, 2010</u>.

8.     Recommended cut-off date for amending the pleadings and/or adding additional parties: <u>February 13, 2009</u>.

9.     Recommended date for a Status Hearing: <u>If the Court adopts Plaintiffs' proposed class-certification briefing schedule, the class-certification hearing/status conference would occur on or about December 2, 2009.  If the Court adopts Whirlpool's proposed class-certification briefing schedule, the class-certification hearing/status conference would occur on or about December 17, 2009</u>.

10.    Other matters for the attention of the Court:

(a) Plaintiffs' Lead Counsel have made repeated attempts to contact Steven L. Wittels, who is counsel for the Plaintiffs Donna Seeherman, Susan Hirsch, and Maura Cohen, to obtain the *Seeherman* Plaintiffs' comments regarding the parties' planning report and proposed pretrial schedule.  To date, Plaintiffs' Lead Counsel have been unable to reach Mr. Wittels.

(b)

(c)

/s/ Mark Chalos

Attorney for Plaintiffs   Gina Glazer, Pramila Gardner, Jeff Glennon, Karen P. Hollander, Rebecca Nordan, Maggie O'Brien, Tracie Snyder, Andrea Strong, Jane Werman, Bonnie Beierschmitt, Phil Torf, Sylvia Bicknell, Sonja Sandholm-Pound, and Victoria Poulsen

/s/ Michael T. Williams   /s/ Gregory R. Farkas
Attorney for Defendant   Whirlpool Corporation

8

792628.1