**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In re: **WHIRLPOOL CORP.** **FRONT-LOADING WASHER PRODUCTS LIABILITY LITIGATION** | **1:08-wp-65000** **MDL No. 2001** **Class Action** **Judge:  James S. Gwin** |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S SUBMISSIONS IN EXCESS OF THE COURT'S PAGE LIMITS AND MEMORANDUM IN SUPPORT THEREOF**

## I.     INTRODUCTION

In clear violation of this Court's express orders and the Local Rules, and in the guise of

an "Appendix of Key Facts" (Dkt. #101), an "Appendix B:  Summary of Individual Questions of

Law and Fact" (Dkt. #102), and Exhibit 1 to its "Evidentiary Submission" (Dkt. #103),

Defendant Whirlpool Corporation ("Whirlpool") has accreted to itself an additional 89 pages of

briefing beyond the 30 pages permitted by the Court in its opposition to Plaintiffs' motion to

certify an Ohio class.  Plaintiffs are prejudiced by Whirlpool's self-authorized excusal from the

briefing parameters set by this Court.

Plaintiffs have complied in good faith with the Court's orders and the Local Rules

governing briefing in this case.  Whirlpool has not done so.  Accordingly, Plaintiffs respectfully

move to strike those portions of Whirlpool's submissions that (1) exceed the Court's 30-page

limit and (2) are not evidence.

II.  **ARGUMENT**

The Court's October 21, 2009 Order clearly provides that "briefs on the Ohio (Glazer) class certification are limited to 30 pages". (Dkt. #73 at 1.) On March 9, 2010, Whirlpool filed a motion seeking leave to file a 40-page brief in opposition to Plaintiffs' motion to certify an Ohio class.[1] (Dkt. #98.) The Court did not rule upon Whirlpool's motion for a page extension prior to the deadline for Whirlpool's opposition brief, and that motion remains pending. On March 15, 2010, Whirlpool filed:  (1) a 30-page opposition brief; (2) a 73-page Appendix of Key Facts ("Appendix A")[2]; (3) a 9-page Appendix B[3]; and (4) an Evidentiary Submission that includes an Exhibit 1 that consists of an additional 7 pages of argument, not evidence.[4]

Although "[a]ppendices of evidentiary, statutory or other materials are excluded from these page limitations and may be bound separately from memoranda" (Dkt. #12 at 5; LR 7.1(f)), Appendix A, Appendix B, and Exhibit 1 of Whirlpool's Evidentiary Submission all plainly

---

[1] Notably, in its motion for leave to file an over-length brief, Whirlpool states that "[i]f the Court were to certify Plaintiffs' proposed class . . . , this litigation potentially could become one of Whirlpool's most significant litigation matters in the Company's 100-year history." (Dkt. #98 at 2.) That statement is curious given that Whirlpool has not mentioned this case specifically in *any* of its SEC reporting, and merely has represented to its shareholders and the market at large that all of the product liability class actions it is facing (presumably this one included) "are without merit" and that Whirlpool "intend[s] to vigorously defend these actions." (Whirlpool Corp., Annual Report (Form 10-K), at F-38 (Feb. 17, 2010).) Whirlpool either is not being forthright with this Court or it is not being forthright with its shareholders. *See* 17 C.F.R. 229.303(a)(1) (mandating that public companies disclose to shareholders "known trends or any known demands, commitments, events or uncertainties that will result in or that are reasonably likely to result in the [company's] liquidity increasing or decreasing in any material way").

[2] Appendix A is entitled "Defendant's Appendix Of Key Facts Showing The Differences Among Plaintiffs' And Owners' Experiences With Their Washers". (Dkt. # 101.)

[3] Appendix B is entitled "Whirlpool Corporation's Appendix B:  Summary Of Individual Questions Of Law And Fact That Must Be Individually Litigated By Each Putative Class Member". (Dkt. # 102.)

[4] Whirlpool's evidentiary submission is entitled "Defendant Whirlpool Corporation's Evidentiary Submission In Support Of Opposition To Plaintiffs' Motion To Certify An Ohio Class". (Dkt. # 103.)

constitute *argument* in opposition to Plaintiffs' motion and therefore are subject to the Court's 30-page limit.  Appendix A is a 73-page elaboration of Whirlpool's argument that Plaintiffs fail to satisfy the predominance requirement of Rule 23(b)(3) due to the number of purportedly individualized issues of fact in this case.  Appendix B is a chart listing individualized legal issues that Whirlpool claims also preclude a finding of predominance.  Exhibit 1[5] of Whirlpool's Evidentiary Submission is a summary of Appendix A's list of purported individualized fact issues.

As Plaintiffs explain in their reply brief, none of the individualized factual or legal issues Whirlpool raises are relevant to, or dispositive of, certification of the Ohio Plaintiffs' claims. (*See* Pls. Reply Br. at 2-15.)  Regardless of the merits of Whirlpool's argument concerning predominance, it is subject to the page limitations imposed by the Court.  Plaintiffs limited their argument that common issues predominate to the 30 pages permitted by the Court.  Whirlpool attempts to circumvent that limitation by filing an additional 89 pages to expand and elaborate its predominance argument.  Whirlpool's arguments against certification of an Ohio class should be limited to its opposition brief – not sneaked into the record under the guise of evidence or impermissible summaries.

For these reasons, Plaintiffs respectfully request that the Court strike Appendix A, Appendix B, and Exhibit 1 of Whirlpool's Evidentiary Submission.

---

[5] Exhibit 1 to the Evidentiary Submission is entitled "Table Summarizing Defendant's Appendix Of Key Facts Showing The Differences Among Plaintiffs' And Owners' Experiences With Their Washers".  (Dkt. # 103 Ex. 1.)

Dated:  March 29, 2010                  Respectfully submitted,
]

By:_____/s/ Jonathan D. Selbin_____
        Jonathan D. Selbin

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

By:_____/s/ Mark P. Chalos_____
        Mark P. Chalos

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN  37219
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965

By:_____/s/ George Lang_____
        George Lang

FREED & WEISS LLC
111 West Washington Street, Suite 1331
Chicago, IL 60602
Telephone:  (312) 220-0000
Facsimile:  (312) 220-7777

By:_____/s/ James C. Shah_____
        James C. Shah

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
35 East State St.
Media, PA 19063
Telephone:  (610) 891-9880
Facsimile:  (610) 891-9883

By:    /s/ Steven A. Schwartz
          Steven A. Schwartz

CHIMICLES & TIKELLIS LLP
One Haverford Centre
Haverford, PA 19041
Telephone:  (610) 645-4720
Facsimile:  (610) 649-3633


By:    /s/ Steven Wittels
          Steven Wittels

SANFORD WITTELS & HEISLER, LLP
950 Third Ave., 10th Floor
New York, NY  10022
Telephone:  (646) 723-2454
Facsimile:  (646) 723-2948


By:    /s/ Scott A. George
          Scott A. George

SEEGER WEISS LLP
1515 Market Street
Philadelphia, PA 19102
Telephone:  (215) 564-2300
Facsimile:  (215) 851-8029


By:    /s/ Brian Ruschel
          Brian Ruschel

925 Euclid Ave Ste 660
Cleveland OH  44115
Telephone:  (216) 621-3370
Facsimile:  (216) 621-3371

By:_____/s/ Mark Schlachet_____
             Mark Schlachet

LAW OFFICE OF MARK SCHLACHET
3637 South Green Road--2d Floor
Beachwood, OH  44122
Telephone:  (216) 896-0714
Facsimile:  (216) 514-6406

*Attorneys for Plaintiffs and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 29, 2010, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

<u>/s/ Mark P. Chalos</u>
Mark P. Chalos
LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, Tennessee 37219
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965
mchalos@lchb.com