UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: WHIRLPOOL FRONT-** | : | Case No. 1:08-wp-65000 |
| **LOADING WASHER PRODUCTS** | : | MDL No. 2001 |
| **LIABILITY LITIGATION** | : | Class Action |
| | : | |
| | : | Judge:  James S. Gwin |
| | : | **MEMORANDUM IN SUPPORT** |
| | : | **OF MOTION FOR PROTECTIVE** |
| | : | **ORDER OF THE PROCTER &** |
| | : | **GAMBLE COMPANY** |
| | : | |
| | : | *[Affidavits of Amanda P.* |
| | : | *Lenhart, Esq. and Noelle* |
| | : | *Fitzgerald Attached]* |

I.    **BACKGROUND FACTS**

In March 2009, The Procter & Gamble Company ("P&G"), a nonparty, was served

with a subpoena by Plaintiffs in the above-captioned matter.  In accordance with Rule 45(c)

of the Federal Rules of Civil Procedure, P&G served its written objections to the subpoena

on the grounds that the subpoena improperly sought, among other things, documents and

information containing "P&G's trade secret, propriety information, and other confidential

information." (*See* Affidavit of Amanda P. Lenhart Aff., attached hereto as Ex. A, at ¶ 2 and

Ex. 1).  Soon thereafter, counsel for Plaintiffs, Steven A. Schwartz, and P&G, Amanda P.

Lenhart, resolved P&G's objection by entering into a Supplement to the Protective Order

previously entered into by the parties and filed with the Court on March 18, 2009.  (*See id.*

at ¶ 3 and Exs. 2 and 3). Pursuant to the Protective Order, the parties agreed that "a party producing documents or serving written discovery responses that the party contends in good faith contain trade secrets as defined in Ohio Revised code, § 1333.61(D) ("Confidential Information") shall mark such documents, or a portion thereof, with the word 'Confidential.'" (*See id.* at ¶ 4 and Ex. 2). With respect to the use of Confidential Information at a hearing, the parties agreed that "[a]ny Confidential Information ... that is filed with or otherwise submitted to the Court shall be filed under seal...". (*See id.* at ¶ 5 and Ex. 2). Further, the parties agreed that: "[p]rior to the use of Confidential Information at trial or a hearing, the parties will discuss with the Court appropriate procedures to prevent disclosure of Confidential Information. Confidential Information *shall not* become part of the public record *except* upon the written consent of the designating party or *unless* permitted by this Court." (*See id.* at ¶ 6 and Ex. 3) (Emphasis added).

According to the Supplement to the Protective Order, "in connection with the response of The Procter & Gamble Company to the subpoena issued by Plaintiffs in this case, the parties' agreement with respect to protection of confidential documents and material (Filed with the Court on March 18, 2009) shall be supplemented to include the following designation: 'HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.'" (*See id.* at ¶ 6 and Ex. 3). Documents designated by P&G as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may *only* be made available to the following persons:

(a)   Counsel for the parties, including in-house counsel, and regular and temporary employees of such counsel assisting in the conduct of this Action. This category includes any outside vendor retained by counsel to perform any photocopying, disk copying, computer imaging, data processing, court reporting, or other clerical services.

(b)   Experts or consultants retained by the parties or their counsel in connection with the prosecution or defense of this Action.

2

(c)    Witnesses or deponents, and their counsel, in preparation for, or during the course of, testimony in this Action, but only if the person making the Discovery Material available has good faith reason to believe, based on information in the Discovery Material itself or information provided by the witness or deponent, that the witness or deponent (1) has previously seen the Discovery Material, or (2) has personal knowledge of the specific information contained within, or referred to by, the Discovery Material.

(d)    The Court and its personnel, including specifically the Court's law clerk(s) and the Clerk of the Court, and members of the jury.

(e)    Any person who is indicated on the face of a document to have been an author, addressee or recipient thereof.

(f)    Any other person upon order of the Court, after notice and a hearing, or

(g)    upon written consent of the producing party or non-party.

(*See id.* at ¶ 7 and Ex. 3). (Emphasis added).

Throughout this case, the parties and P&G have conducted themselves in accordance with the agreed Protective Order and Supplement thereto. (*See id.* at ¶ 8). Specifically, P&G has produced approximately 120,000 pages of documents and information, all of which was originally designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in order to preserve the confidentiality and to prevent the disclosure of its trade secrets and confidential business information. (*See id.* at ¶ 9). Likewise, the deposition of P&G's 30(b)(6) designee, Noelle Fitzgerald, which was conducted over the course of two days, was designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to the Protective Order and Supplement thereto. (*See id.* at ¶ 10).

On May 16, 2010, counsel for Defendant Whirlpool Corporation ("Whirlpool"), Michael Williams, requested that P&G consider removing its "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation and allow Whirlpool to share two documents and a handful of excerpts from Ms. Fitzgerald's deposition with his client and/or introduce

them at the hearing scheduled for May 27, 2010. (*See id.* at ¶ 11).  P&G consented to the use of its documents and testimony as requested by Mr. Williams.  (*See id.*).

On May 20, 2010, counsel for Plaintiffs, Mr. Schwartz, contacted Ms. Lenhart,  to advise that "Plaintiffs may introduce into evidence some portions of the Fitzgerald transcript and marked exhibits." (*See id.* at ¶ 12 and Ex. 4).   Ms. Lenhart immediately requested that Plaintiffs identify which exhibits and deposition testimony they wished to use at the hearing.  (*See id.*).  With Mr. Williams' consent, Ms. Lenhart also identified the documents and deposition excerpts that Whirlpool had sought P&G's consent to use at the hearing to assist Plaintiffs in determining the exhibits they may seek to use at the hearing. (*See id.* at ¶ 13 and Ex. 4).

While awaiting Mr. Schwartz' response, P&G reviewed the exhibits to Ms. Fitzgerald's deposition and narrowed the documents for which it wished to maintain its designation of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." (*See id.* at ¶ 13; *see also* Affidavit of Noelle Fitzgerald, attached hereto as Ex. B, at ¶ 2).  Ms. Lenhart explained to Mr. Schwartz that the protection of the confidentiality of this information, which primarily pertains to the development of the Tide Washing Machine Cleaner and other P&G products, was crucial because Whirlpool is a direct or potential competitor in that product space. (*See* Lenhart Aff. at ¶ 14; Fitzgerald Aff. at ¶ 2).

Since then, P&G has also reviewed the deposition testimony of Ms. Fitzgerald and has concluded that the following testimony must be maintained as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY:"

> Page 103 lines 9-19
> Page 194 lines 7-15
> Page 271 lines 4-24
> Page 272 lines 1-10
> Page 301  lines 3-16

Page 302 Lines 5-24
Page 303 Lines 1-9
Page 318  Lines 5-17
Page 412  Lines 11-24
Page 413 Lines 1-7
Page 450 lines 5-16
Page 460 lines 6-19
Page 492 lines 21-24
Page 493 lines 1-22
Page 533 lines 21-24
Page 534 lines 1-12
Page 535 lines 18 – 24
Page 536 lines 1-12
Page 537 lines 20 – 24
Page 600 lines 5-24
Page 601 lines 1-22

(*See* Fitzgerald Aff. at ¶ 3).

As set forth in the affidavit of Noelle Fitzgerald, the foregoing exhibits and testimony contain or reflect the trade secret and other confidential and proprietary information of P&G, including but not limited to its inventions, formulae, techniques, programs, processes, systems, concepts, technological developments, marketing strategies, know-how and other confidential information used in the business operations of P&G. (*See id.* at ¶ 4). The information contained in those exhibits and deposition excerpts derives independent economic value because, among other reasons, it is neither published nor publicly disseminated, it is not a matter of general public knowledge and it is not generally known to and is not readily available by proper means by others who could obtain economic value from its disclosure. (*See id.* at ¶ 5). The public disclosure of such information, including disclosure to the parties in this case, would cause substantial monetary if not irreparable harm to P&G. (*See id.* at ¶ 6).

Mr. Schwartz responded that Plaintiffs "cannot rule out the possibility that we may need to introduce into evidence at least some of the exhibits listed in your email below or

testimony related to or authenticating some of those exhibits." (*See* Lenhart Aff. at ¶ 15).

Mr. Schwartz added that Plaintiffs' counsel "is certainly willing to tell the Court that we do

not oppose any request by P&G to seal those documents." (*See id.*)

While Plaintiffs' counsel has stated his willingness to cooperate with P&G's request

to protect the confidentiality of its information at the May 27 hearing, the Court has not yet

ordered an in camera inspection of P&G's highly confidential documents and information

and Plaintiffs are presently unwilling to refrain from using certain exhibits to and excerpts

from Ms. Fitzgerald's deposition. As a result, P&G is forced to bring this instant Motion to

protect its trade secret and confidential information. (*See* Lenhart Aff. at ¶ 17).

## II.   LEGAL ARGUMENT

The Ohio Uniform Trade Secrets Act, codified at Ohio Revised Code ("R.C.") 1333.61-

1333.69, governs disputes involving trade secrets and confidential information. R.C. 133.65

addresses authorized means of preserving the secrecy of trade secrets and explicitly

provides for the use of in camera proceedings to do so:

> a court ***shall preserve the secrecy*** of an alleged trade secret by reasonable
> means that may include granting protective orders in connection with
> discovery proceedings, ***holding in camera hearings,*** sealing the records
> of the action, and ordering any person involved in the litigation not to
> disclose an alleged trade secret without prior court approval.

R.C. 1333.65 (emphasis added).  The Court has broad discretion under R.C. 1333.65 to

determine how to best protect the secrecy of the alleged trade secrets. *See Northeast*

*Professional Home Care, Inc. v. Advantage Home Health Services, Inc.* (5th App. Dist.

2010), 2010-Ohio-1640; *Alpha Benefits Agency v. King Ins. Agency* (8th Dist. Ct. App.

1999), 134 Ohio App. 3d 673, 683, 731 N.E.2d 1209 (a trial court has broad authority to

fashion a protective order that protects the secrecy of a trade secret); *State ex rel. Records*

*Deposition Serv. v. Aurelius* (8th Dist. Ct. App. 2001), 2001 Ohio App. LEXIS 1007, **6-7.

In this case, an in camera inspection is not only appropriate, but it is crucial.

The Court also has the authority under Rule 26(c) of the Federal Rules of Civil

Procedure to control the manner in which confidential information gained during discovery

is used or disclosed.  Rule 26(c)(1) states, in pertinent part:

> The court may, for good cause shown, issue an order to protect a party or
> person from annoyance, ... or undue burden or expense, including one or
> more of the following:
>
> (A)    forbidding the disclosure or discovery;
>
> (B)    specifying the terms, including time and place, for the disclosure or
>        discovery;
>
> * * *
>
> (D)    forbidding inquiry into certain matters, or limited the scope of
>        disclosure or discovery to certain mattes;
>
> (E)    designating the person who may be present while the discovery is
>        conducted;
>
> (F)    requiring that a deposition be sealed and opened only on court order;
>
> (G)    requiring that a trade secret or other confidential research
>        development, or commercial information not be revealed or be
>        revealed only in a specific way;
>
> * * *
>
> Fed. R. Civ. P. 26(c)(1).  To facilitate the protection of trade secrets and confidential

information and yet allow litigants to prepare and present their cases, courts are

empowered to conduct an in camera court hearing and use of sealed records to protect

against disclosure of trade secrets and confidential information. *See American Dirigold*

*Corp. v. Dirigold Metals Corp.*, 104 F.2d 863, 865 (6th Cir. 1939); *Republic Services, Inc. v.*

*Liberty Mutual Insurance Companies*, 2006 WL 1635655 (E.D. KY 2006); *Mulkerin v. Cho*

(Ohio Ct. App. 9th Dist. 2007), 2007-Ohio-6550 (the court should hold an in camera review

before deciding whether to order production of allegedly trade secret documents); *State ex*

*rel. Miami Valley Broad. Corp. v. Davis* (2d Dist. Ct. App. 2004), 158 Ohio App. 3d 98, 104,

814 N.E.2d 88; *Air Products and Chemicals, Inc. v. Johnson*, 296 Pa. Super. 405, 442 A.2d

1114 (1982); *Wisconsin Elec. Power Co. v. Public Service Com'n of Wisconsin*, 110 Wis. 2d

530, 329 N.W.2d 178 (1983); *Curtis, Inc. v. District Court*, 186 Colo. 226, 526 P.2d 1335

(1974); *Ameritrust Ins. Corp. v. O'Donnell Landscapes, Inc.*, 899 So.2d 1205 (Fla. Dist. Ct.

App. 2nd Dist. 2005) (concluding that it may be improper to deny a protective order

protecting trade secrets in litigation without first reviewing the issue in camera and making

appropriate findings); *Premier Lab Supply, Inc. v. Chemplex Industries, Inc.*, 791 So. 2d

1190 (Fla. Dist. Ct. App. 4th Dist. 2001) (customer lists disclosed to court in camera).

The Court has broad discretion in entering a protective order mandating an in

camera review. *See Directory Concepts, Inc. v. Fox*, 2008 U.S. Dist. LEXIS 102192, **4-5

(N.D. Ind. December 16, 2008); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th

Cir. 1987) (the trial court has broad discretion in fashioning a protective order to protect

against risk of disclosure of the discovered party's trade secrets).  In fact, a denial of a

protective order at the request of the party being required to produce what it claims to be

trade secrets is immediately appealable because such a ruling is not a step toward final

disposition of the merits and will not be merged into the final judgment; accordingly, it

would be too late to effectively review the denial of the protective order on the ultimate

appeal on the merits. *See Smith v. BIC Corp.*, 869 F.2d 194, 197-198 (3rd Cir. 1989).

As authorized by R.C. 1333.65 and Civil Rule 26, the Court should hold an in camera

hearing if the parties attempt to present documents or testimony as identified in Ms.

Fitzgerald's Affidavit as P&G's trade secrets and/or confidential or proprietary business

information.  Further, the Court should limit participation in the in camera hearing to

essential courtroom personnel and counsel for the parties.  Such a measure would serve to

further the goals of the parties in this matter, as expressed in the Protective Order and

Supplement thereto, and as authorized by both the Ohio Uniform Trade Secrets Act and Rule 26(c) of the Federal Rules of Civil Procedure. The reasons for this request are amply supported.

First, P&G, a nonparty to this case, made Ms. Fitzgerald available for deposition for two days and produced approximately 120,000 pages of documents, which contain its trade secrets and confidential business information, to counsel for the parties in this case at its own expense. The only condition that P&G requested was that its trade secret and confidential information be protected as "Highly Confidential" as defined in the Supplement to the Protective Order. Accordingly, this is not a case where a nonparty resisted discovery or in any way impeded the parties from preparing their cases. In fact, quite the opposite is true. P&G has fully complied with discovery at an enormous effort and expense in reliance on the parties' counsel's representation that its information would be protected from public disclosure. For P&G to now be forced to disclose its confidential information to the public would not only mean that all of the steps taken during discovery to prevent the disclosure of P&G's trade secrets and confidential information was futile, but would cause substantial monetary if not irreparable harm to P&G, which has no stake in this case.

Second, as reflected by the Supplement to the Protective Order as well as the recent communications from Messrs. Williams and Schwarz, counsel for the parties have agreed that P&G's documents and information should be protected from disclosure. Counsel for Whirlpool requested and obtained P&G's consent in advance to use a small number of documents and deposition excerpts. Plaintiffs' counsel has represented on numerous occasions that they will cooperate with P&G in its efforts to protect its trade secret and

confidential business information from disclosure at the hearing. Hence, this is not a case where counsel for the parties even objects to the holding of an in camera inspection.

Finally, it is inconceivable that the public has an interest in the documents and information of P&G that remotely approaches, much less outweighs, P&G's interests in maintaining the confidentiality of its trade secrets and confidential business information. As set forth in Ms. Fitzgerald's Affidavit, the information contained in the identified exhibits and deposition excerpts derives independent economic value because, among other reasons, it is not a matter of public knowledge and it is not known or readily available to its actual or potential competitors. Again, the public disclosure of such information, including disclosure to the parties in this case, would cause substantial monetary if not irreparable harm to P&G's competitive business interests.

## III.  CONCLUSION

For the reasons set forth above, this Court has broad discretion under R.C. §1333.65 and Rule 26(c) of the Federal Rules of Civil Procedure to fashion a protective order to preserve the confidentiality of P&G's trade secrets and confidential information at issue in this case during the hearing scheduled for March 27, 2010. P&G respectfully requests that this Court enter a protective order directing that the presentation of evidence or testimony related to trade secrets or other confidential information occur in camera and that the in camera proceedings be limited to essential courtroom personnel and counsel for the parties and P&G. The transcript of in camera hearings would be sealed and review of the transcript of in camera hearings would be limited to essential courtroom personnel and counsel for the parties and P&G.

Respectfully submitted,


/s/ Amanda P. Lenhart
Amanda P. Lenhart (0072517)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH  45202
Phone:       513-977-8200
Facsimile:   513-977-8141
Email:amanda.lenhart@dinslaw.com
        mailto:christopher.mcdowell@dinslaw.com

Attorney for Non-Party
The Procter & Gamble Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon all counsel of record by the Court's CM/ECF Electronic Filing System this 26th day of May, 2010.


/s/Amanda P. Lenhart