UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: WHIRLPOOL FRONT-** | : | Case No. 1:08-wp-65000 |
| **LOADING WASHER PRODUCTS** | : | MDL No. 2001 |
| **LIABILITY LITIGATION** | : | Class Action |
| | : | |
| | : | Judge: James S. Gwin |

### AFFIDAVIT OF AMANDA P. LENHART, ESQ.

| | |
|---|---|
| STATE OF OHIO | ) |
| | ) SS: |
| COUNTY OF HAMILTON | ) |

I, Amanda P. Lenhart, after having been duly cautioned and sworn, state as follows:

1.      I am counsel for The Procter & Gamble Company ("P&G"), have personal knowledge of the facts asserted in this Affidavit and am competent to testify to the matters set forth herein.

2.      In March 2009, P&G, a nonparty, was served with a subpoena by Plaintiffs in the above-captioned matter.  In accordance with Rule 45(c) of the Federal Rules of Civil Procedure, I served P&G's written objections to the  subpoena on the grounds that the subpoena improperly sought, among other things, documents and information containing "P&G's trade secret, propriety information, and other confidential information." (A true and accurate copy of the Objection Letter is attached hereto as Ex. 1).

3.      Soon thereafter, counsel for Plaintiffs, Steven A. Schwartz, and I resolved P&G's objection by entering into a Supplement to the Protective Order previously entered into by the parties and filed with the Court on March 18, 2009.  (A true and accurate copy of the Protective Order and Supplement are attached hereto as Exs. 2 and 3, respectively).

4.      Pursuant to the Protective Order, the parties agreed that "a party producing documents or serving written discovery responses that the party contends in good faith



contain trade secrets as defined in Ohio Revised code, § 1333.61(D) ("Confidential Information") shall mark such documents, or a portion thereof, with the word 'Confidential.'"

5.     With respect to the use of Confidential Information at a hearing, the parties agreed that "[a]ny Confidential Information ... that is filed with or otherwise submitted to the Court shall be filed under seal...". Further, the parties agreed that: "[p]rior to the use of Confidential Information at trial or a hearing, the parties will discuss with the Court appropriate procedures to prevent disclosure of Confidential Information. Confidential Information *shall not* become part of the public record *except* upon the written consent of the designating party or *unless* permitted by this Court." (Emphasis added).

6.     According to the Supplement to the Protective Order, "in connection with the response of The Procter & Gamble Company to the subpoena issued by Plaintiffs in this case, the parties' agreement with respect to protection of confidential documents and material (Filed with the Court on March 18, 2009) shall be supplemented to include the following designation: 'HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.'"

7.     Documents designated by P&G as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may *only* be made available to the following persons:

   (a)    Counsel for the parties, including in-house counsel, and regular and temporary employees of such counsel assisting in the conduct of this Action. This category includes any outside vendor retained by counsel to perform any photocopying, disk copying, computer imaging, data processing, court reporting, or other clerical services.

   (b)    Experts or consultants retained by the parties or their counsel in connection with the prosecution or defense of this Action.

   (c)    Witnesses or deponents, and their counsel, in preparation for, or during the course of, testimony in this Action, but only if the person making the Discovery Material available has good faith reason to believe, based on information in the Discovery Material itself or

information provided by the witness or deponent, that the witness or deponent (1) has previously seen the Discovery Material, or (2) has personal knowledge of the specific information contained within, or referred to by, the Discovery Material.

(d)     The Court and its personnel, including specifically the Court's law clerk(s) and the Clerk of the Court, and members of the jury.

(e)     Any person who is indicated on the face of a document to have been an author, addressee or recipient thereof.

(f)     Any other person upon order of the Court, after notice and a hearing, or

(g)     upon written consent of the producing party or non-party.

8.     Throughout this case, the parties and P&G have conducted themselves in accordance with the agreed Protective Order and Supplement thereto.

9.     Specifically, P&G has produced approximately 120,000 pages of documents and information, all of which was originally designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in order to preserve the confidentiality and to prevent the disclosure of its trade secrets and confidential business information.

10.     Likewise, the deposition of P&G's 30(b)(6) designee, Noelle Fitzgerald, which was conducted over the course of two days, was designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to the Protective Order and Supplement thereto.

11.     On May 16, 2010, counsel for Defendant Whirlpool Corporation ("Whirlpool"), Michael Williams, requested that P&G consider removing its "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation and allow Whirlpool to share two documents and a handful of excerpts from Ms. Fitzgerald's deposition with his client and/or introduce them at the hearing scheduled for May 27, 2010.  P&G consented to the use of its documents and testimony as requested by Mr. Williams.

12.     On May 20, 2010, counsel for Plaintiffs, Mr. Schwartz, contacted me to advise that "Plaintiffs may introduce into evidence some portions of the Fitzgerald transcript and marked exhibits." (True and accurate copies of relevant correspondence between Mr. Schwartz and me is attached hereto as Ex. 4). I immediately requested that Plaintiffs identify which exhibits and deposition testimony they wished to use at the hearing.

13.     With Mr. Williams' consent, I also identified the documents and deposition excerpts that Whirlpool had sought P&G's consent to use at the hearing. While awaiting Mr. Schwartz' response, P&G reviewed the exhibits to Ms. Fitzgerald's deposition and narrowed the documents for which it wished to maintain its designation of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." At that time, P&G had only reviewed Vol. I of Ms. Fitzgerald's deposition. It has now reviewed Vol. II and wishes to maintain the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation with respect to a number of those exhibits as well.

14.     I explained to Mr. Schwartz that the protection of the confidentiality of this information, which primarily pertains to the development of the Tide Washing Machine Cleaner, was crucial because Whirlpool is a direct competitor in that product space.

15.     Mr. Schwartz responded that Plaintiffs "cannot rule out the possibility that we may need to introduce into evidence at least some of the exhibits listed in your email below or testimony related to or authenticating some of those exhibits." Mr. Schwartz added that Plaintiffs' counsel "is certainly willing to tell the Court that we do not oppose any request by P&G to seal those documents."

16.     Since then, P&G has also reviewed the deposition testimony of Ms. Fitzgerald and has concluded that the certain testimony must be maintained as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

4

17.     While Plaintiffs' counsel has stated his willingness to cooperate with P&G's request to protect the confidentiality of its information at the May 27 hearing, the Court has not yet ordered an in camera inspection of these documents and information and Plaintiffs are presently unwilling to refrain from using certain Exhibits to and excerpts from Ms. Fitzgerald's deposition. As a result, P&G is forced to bring this instant Motion to protect its trade secret and confidential information.

Further Affiant saith naught.

_____
Amanda P. Lenhart

Sworn to and subscribed in my presence this 26th day of May 2010.

_____
NOTARY PUBLIC

PETER J. GEORGITON
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Date. Section 147.03 O.R.C.

5



# Dinsmore&Shohl LLP
ATTORNEYS

**Writer's Direct Dial: 513.977.8692**      **Writer's Email: amanda.lenhart@dinslaw.com**

March 27, 2009

**VIA FACSIMILE**
**AND OVERNIGHT MAIL**

Steven A. Schwartz, Esq.
Chimicles & Tikellis LLP
361 W. Lancaster Avenue
Haverford, PA 19041

Re:    *In Re: Whirlpool Corp Front-Loading Washing Machine Class
       Action*
       Case No. 1:08-wp-65000-JG (N.D. Ohio)
       **Subpoena to The Procter & Gamble Company**

Dear Mr. Schwartz:

Please be advised that this firm represents The Procter & Gamble Company
("P&G"). This letter will serve as P&G's written objections to your Subpoena, which was
served on P&G on March 18, 2009 ("the Subpoena"). These objections are made
pursuant to Rule 45(c) of the Federal Rules of Civil Procedure to preserve P&G's rights
with respect to the Subpoena. As you know, your Subpoena request that the following
categories of documents be produced on or before April 1, 2009:

> Document Request No. 1:  All documents regarding any
> relationship between Detergent use and Mold Problems in
> Front-Loader Washing Machines.
>
> Document Request No. 2:  All documents related to any
> communications, including but not limited to complaints or
> inquiries, with any owners of Front-Loader Washing
> Machines regarding Mold Problems.
>
> Document Request No. 3:  All documents regarding or
> relating to communications with (or instructions to)
> employees, salespersons, installers, repairpersons, and
> entities providing repair and remediation services, regarding
> Mold Problems in Front-Loader Washing Machines.



EXHIBIT
1

255 East Fifth Street, Suite 1900  Cincinnati, OH  45202
513.977.8200  513.977.8141 fax  www.dinslaw.com

Charleston    Cincinnati    Columbus    Dayton    Lexington    Louisville    Morgantown    Pittsburgh    Wheeling

Steven A. Schwartz, Esq.
March 27, 2009
Page 2

Document Request No. 4:  All documents related to
communications with Whirlpool Corporation, its affiliates,
agents and consultants regarding Mold Problems and Front-
Loader Washing Machines.

Document Request No. 5:  Documents sufficient to identify
any third parties consulted by You or Whirlpool regarding
Mold Problems in Front-Loader Washing Machines.

Document Request No. 6:  All Documents related to testing
and test results (including failure analysis and resulting re-
design proposals) (whether conducted by You, Whirlpool, or
a third party) regarding Mold Problems and Front-Loader
Washing Machines.

Document Request No. 7:  Any and all technical training
materials, bulletins, repair bulletins, or other documents
regarding Mold Problems and Front-Loader Washing
Machines.

Document Request No. 8:  All documents that refer to any
recommendation(s), advice, and/or suggestion(s) made by
You to Whirlpool or by Whirlpool (or other manufacturers of
front loading-washing machines) to You, including, but not
limited to, any training recommendations or seminars,
presentations, reports, findings, conclusions and/or analysis
related to Mole Problems in Front-Loader Washing
Machines.

Document Request No. 9:  All documents related to any
remediation efforts that were considered, proposed, or
implemented by You with respect to Mold Problems in
Front-Loader Washing Machines.

Document Request No. 10: Documents sufficient to show the
analysis, conclusion, testing, and test results in Your
determination of the recommended amount of Detergent to
be used in Front-Loader Washing Machines.

Document Request No. 11: Documents reflecting all
communications between You and anyone else-including
communications with other manufacturers of Front-Loader
Washing Machines, Detergent manufacturers, repairpersons,
and entities providing repair and remediation services-

Dinsmore&Shohl ᴸᴸᴾ

Steven A. Schwartz, Esq.
March 27, 2009
Page 3

regarding Mold Problems in Front-Loader Washing Machines.

Document Request No. 12: All documents regarding Mold Problems addressed to, sent to, authored by, or sent by, any of the following employees of Whirlpool and/or Sears:

WHIRLPOOL

A)     Anthony H. Hardaway

B)     Shamsuddin Khatri

C)     James Koenig

D)     Sigbrand Paul Koopmans

E)     Stephen M. Koetsier

F)     Phillip A. Malloy

G)     Alan V. Neubauer

H)     Andres O. Palomino

I)     Pamela S. Rogers

J)     Roger J. Small

K)     Casey J. Tubman

L)     Richard Donner

SEARS

M)     David Chowanec

N)     Richard Clark

O)     Thomas E. DeSalvo

P)     Eva Dyer

Q)     Michael Kozlowski

Dinsmore&Shohl LLP

Steven A. Schwartz, Esq.
March 27, 2009
Page 4

    R)    Sharon Lewis

    S)    Mark Matte

    T)    Steven Namnick

    U)    Daniel Pigatto

    V)    Carrie Smith

    W)    Kenneth Oda

Document Request No. 13: All documents related to new Tide Washing Machine Cleaner, any testing results for that product, why You created new Tide Washing Machine Cleaner, the problems it was intended to fix or address, its effectiveness, and documents sufficient to reflect the number of packages sold by You.

Document Request No. 14: All documents (including but not limited to testing results and communications with manufacturers of Front-Loader Washing Machines) related to and/or providing basis for the statement on Your HE Detergent packaging that it is "Specially formulated for these high efficiency washers:..." including for Whirlpool Washing Machines.

Document Request No. 15: All documents related to communications with or analyses by the Soap and Detergent Association (SDA) related to Mold Problems and/or the use of regular and HE detergent in Front-Loader Washing Machines.

These requests are objectionable on at least the following bases:

    A.    The requests are unreasonable and oppressive and impose a substantial undue burden and expense upon P&G.

    B.    Given the number and breadth of the requests, the Subpoena fails to allow reasonable time for compliance.

Dinsmore&Shohl LLP

Steven A. Schwartz, Esq.
March 27, 2009
Page 5

  C.  The requests are overly broad, vague and ambiguous,
     and would require P&G to speculate as to the
     documents actually being requested.

  D.  The requests call for the production of documents that
     contain P&G's trade secrets, proprietary information,
     and other confidential information, which
     information is non-discoverable.

  E.  The requests require the disclosure of privileged or
     otherwise protected matter and no exception or
     waiver applies.

  F.  The requests seek the production of documents and
     information that is believed to be neither relevant, nor
     reasonably calculated to lead to the discovery of
     admissible evidence in the underlying lawsuit.

  G.  The requests call for documents that are not in the possession,
     custody or control of P&G and/or are already in the possession,
     custody or control of parties to the underlying lawsuit.

  Based upon the foregoing objections, P&G will not produce any documents in response to the Subpoena on April 1, 2009. Notwithstanding the foregoing objections, but without waiving them, please be advised that P&G may be willing to cooperate with you and your client to the extent that you can more clearly articulate exactly what documents you are seeking via the Subpoena and to the extent that the documents requested are not objectionable on the grounds set forth above.

  Your request for a Rule 30(b)(6) deposition is likewise objectionable. Under the Subpoena, you have requested that P&G designate an individual to appear for deposition on April 1, 2009 to testify concerning the following topics:

    <u>Deposition Topic No. 1</u>  Mold Problems and any
relationship between Detergent use and Mold Problems in
Front-Loader Washing Machines.

    <u>Deposition Topic No. 2</u>  Communications (including
complaints or inquiries) with purchasers/owners of Front-
Loader Washing Machines regarding any Mold Problems.

    <u>Deposition Topic No. 3</u>  Communications with and/or
instructions to employees, salespersons, installers,

Dinsmore&Shohl<sub>LLP</sub>

Steven A. Schwartz, Esq.
March 27, 2009
Page 6

repairpersons, and entities providing repair and remediation services, regarding Mold Problems in Front-Loader Washing Machines.

Deposition Topic No. 4     Communications with Whirlpool Corporation, its affiliates, agents, and consultants, regarding Mold Problems with Whirlpool Washing Machines and other Front-Loader Washing Machines.

Deposition Topic No. 5     Consultations and/or communications with third parties regarding Mold Problems in Front-Loader Washing Machines.

Deposition Topic No. 6     Any testing and/or test results (including failure analysis and any resulting redesign proposals) regarding Mold Problems (whether conducted by You, Whirlpool, or a third party) related to Front-Loader Washing Machines.

Deposition Topic No. 7     Technical training materials, bulletins, repair bulletins or other documents regarding Mold Problems in Front-Loader Washing Machines.

Deposition Topic No. 8     Recommendation(s), advise, and/or suggestion(s) made by You to Whirlpool or by Whirlpool to You, including, but not limited to, any proposed remediation efforts, training recommendations or seminars, presentations, reports, findings, conclusions and/or analysis relating to Mold problems with Whirlpool Washing Machines and Front-Loader Washing Machines.

Deposition Topic No. 9     Remediation efforts that were considered, proposed, or implemented by You with respect to Mold Problems and any relationship between Detergent use and Mold Problems with Front-Loader Washing Machines.

Deposition Topic No. 10     Any analysis, conclusions, testing, and test results in Your determination of the recommended amount of Detergent to be used in Front-Loader Washing Machines.

Deposition Topic No. 11     Communications between you and anyone else-including communications with other

Steven A. Schwartz, Esq.
March 27, 2009
Page 7

> manufacturers of Front-Loader Washing Machines,
> Detergent manufacturers, repairpersons, and entities
> providing repair and remediation services-related to any
> Mold Problems in any Front-Loader Washing Machines.

Deposition Topic No. 12    Documents regarding Mold
Problems addressed to, sent to, authored by, or sent by, any
of the following employees of Whirlpool and/or Sears.

WHIRLPOOL

A)    Anthony H. Hardaway

B)    Shamsuddin Khatri

C)    James Koenig

D)    Sigbrand Paul Koopmans

E)    Stephen M. Koetsier

F)    Phillip A. Malloy

G)    Alan V. Neubauer

H)    Andres O. Palomino

I)    Pamela S. Rogers

J)    Roger J. Small

K)    Casey J. Tubman

L)    Richard Donner

SEARS

M)    David Chowanec

N)    Richard Clark

O)    Thomas E. DeSalvo

P)    Eva Dyer

Dinsmore&Shohl LLP

Steven A. Schwartz, Esq.
March 27, 2009
Page 8

Q)   Michael Kozlowski

R)   Sharon Lewis

S)   Mark Matte

T)   Steven Namnick

U)   Daniel Pigatto

V)   Carrie Smith

W)   Kenneth Oda

<u>Deposition Topic No. 13</u>   New Tide Washing Machine
Cleaner, including, but not limited to, any testing results for
that period, why You created new Tide Washing Machine
Cleaner, the problems it was intended to fix or address, its
effectiveness, and the number of packages sold by You.

<u>Deposition Topic No. 14</u>   The statement (including but not
limited, to the underlying basis and any related analyses,
testing results and communications with manufacturers of
Front-Loader Washing Machines) on Your HE Detergent
packaging that is "Specially formulated for these high
efficiency washers:..." including for Whirlpool Washing
Machines.

<u>Deposition Topic No. 15</u>   Communications with or analyses
by the Soap and Detergent Association (SDA) related to Mold
Problems and/or the use of regular HE detergent in Front-
Loader Washing Machines.

Based on the same objections as those made in response to the Subpoena's
requests for documents (A-G above), P&G is unwilling and is, quite literally, unable to
designate an individual to testify concerning the information sought, particularly given
the breadth of the requests and the unreasonable time for compliance. Accordingly, we
request that you withdraw the Subpoena's request for a deposition under Rules 30(b)(6)
and 31 on April 1, 2009. If you are unwilling to do so, please advise, in writing, by close
of business on Monday, March 31, 2009. Please note that if the Subpoena is not
withdrawn or a mutually-acceptable resolution is not reached, P&G will be forced to file
a motion to quash and/or a motion for a protective order as it relates to your request for
a Civil Rules 30(b)(6) deposition.

Dinsmore&amp;Shohl<sub>LLP</sub>

Steven A. Schwartz, Esq.
March 27, 2009
Page 9


Please call me if you wish to discuss these issues in greater detail.

Very truly yours,

*Amanda P. Lenhart*

Amanda P. Lenhart

APL/bjw

Dinsmore&Shohl LLP

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: WHIRLPOOL FRONT-LOADING WASHER PRODUCTS LIABILITY LITIGATION | 1:08-wp-65000 MDL No. 2001 Class Action Judge: James S. Gwin |

**PROTECTIVE ORDER**

Before the Court is Defendant Whirlpool Corporation's ("Whirlpool") and Plaintiffs' Joint Motion for Entry of a Stipulated Protective Order ("Order"). To facilitate discovery by adequately maintaining the confidentiality of materials the parties claim are trade secrets as defined in Ohio Revised Code, § 1333.61 (D), and to avoid unnecessary discovery disputes, it is hereby ORDERED that the Joint Motion for Entry of Stipulated Protective Order is granted.

It is further ORDERED:

1.     A party producing documents or serving written discovery responses that the producing party contends in good faith contain trade secrets as defined in Ohio Revised Code, § 1333.61 (D) ("Confidential Information") shall mark such documents, or a portion thereof, with the word "Confidential."



EXHIBIT
2

2.     This Order also applies to documents and written discovery responses produced by Sears, Roebuck and Co. ("Sears") in the putative class actions involving Whirlpool-manufactured front-loading washing machines captioned, *Susan Munch et al. v. Sears, Roebuck and Co.*, Case No. 06-CV-7023 in the U.S. District Court for the Northern District of Illinois, *Bryan Seratt et al. v. Sears, Roebuck and Co.*, Case No. 07-CV-0412 in the U.S. District Court for the Northern District of Illinois, and *John Bettua et al. v. Sears, Roebuck and Co.*, Case No. 08-CV-1832 in the U.S. District Court for the Northern District of Illinois (collectively, the "Sears Actions"), that Sears designates as "Confidential" pursuant to the protective order entered in the Sears Actions,  and which documents and written discovery materials are made available to counsel for Plaintiffs for use in these Whirlpool Actions.

3.     If Confidential Information is used or marked as an exhibit in a deposition noticed in these Whirlpool Actions, or the Sears Actions, or both, or if deposition questions, testimony, or colloquy discloses Confidential Information, counsel for any party claiming confidentiality for the Confidential Information shall inform the court reporter and counsel for the other parties of the claim of confidentiality either contemporaneously on the record during the deposition or in writing within 30 days after having received a copy of the deposition transcript.  In addition, any other person claiming that any information disclosed in the deposition is Confidential Information may so inform the court reporter and counsel for all parties in the same manner and within the same period.  Each transcript and all testimony designated as Confidential shall be treated as Confidential Information, pursuant to the terms of this Order, except as otherwise agreed in writing by each party claiming confidentiality or as otherwise ordered by the Court.

4.    The designation of material as "Confidential" shall be made by placing or affixing on the first page of the material or on each page of the material, in a manner that will not interfere with the material's legibility, the word "Confidential."

5.    Confidential Information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of their representatives, agents, expert witnesses, or consultants, to anyone for any purpose whatsoever, other than as required by the parties and their counsel for the preparation and trial of this action.  Access to Confidential Information shall be limited to those persons designated as "Qualified Persons" in paragraph 6 below.

6.    Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

a.    the parties and their officers, directors, employees, and agents, except that Confidential Information produced by Whirlpool may not be disclosed to the officers, directors, employees, and agents of Sears;

b.    counsel of record for the parties and employees and agents of such counsel who are assisting such counsel in the preparation or trial of the following actions that have been consolidated for pretrial proceedings:

> *Pramila Gardner et al. v. Whirlpool Corp.*, Case No. 08-CV-3555, filed in the U.S. District Court for the Northern District of Illinois;
>
> *Gina Glazer v. Whirlpool Corp.*, Case No. 08-CV-01624, filed in the U.S. District Court for the Northern District of Ohio;
>
> *Bonnie Beierschmitt et al. v. Whirlpool Corp.*, Case No. 1:08-CV-03177-JBS-JS, filed in the U.S. District Court for the District of New Jersey;

2

*Sonja Sandholm-Pound et al. v. Whirlpool Corp.*, Case No. 08-CV-04098-JBS-JS, filed in the U.S. District Court for the District of New Jersey; and

*Donna Seeherman et al. v. Whirlpool Corp.*, Case No. 08-CV-7289, filed in the U.S. District Court for the Southern District of New York;

any later-filed "tag-along action" finally transferred to this Court pursuant to the Rules of Procedure of the Judicial Panel on Multidistrict Litigation for consolidated pretrial proceedings with the above-described "Whirlpool Actions."

c.      counsel of record for the parties and employees and agents of such counsel who are assisting such counsel in the preparation or trial of any of the Sears Actions;

d.      experts and consultants retained by the parties whose assistance is necessary for the litigation of these Whirlpool Actions or the Sears Actions; provided, however, that, (i) before disclosing any Confidential Information to any such expert or consultant, counsel of record for the party intending to make that disclosure shall obtain from the expert or consultant a written statement, in the form of Exhibit A attached hereto, signed by the expert or consultant, stating that, to the best of that person's knowledge, that person is not an employee of or consultant regarding washing machines to any entity or person that is either a competitor or supplier of Whirlpool or Sears, (upon request by counsel of record for the party intending to make the disclosure, Whirlpool or Sears will determine whether an entity is either a competitor or supplier of Whirlpool Sears); (ii) no disclosure of Confidential Information shall be made to any person who has not provided such a signed statement, which statement shall be retained by counsel of record for the party making the disclosure to the expert or consultant; and (iii) if, after a person retained by Plaintiffs as an expert or consultant has signed a statement in the form of Exhibit A, that person later learns that an entity of which he or she is an employee or

3

consultant regarding washing machines is, in fact, a competitor or supplier of Whirlpool or Sears, Whirlpool will not: (a) move to strike that person as an expert or consultant for Plaintiffs (*i.e.*, Whirlpool will waive any right it otherwise would have had to strike that person as an expert or consultant for Plaintiffs in this case on that basis), or (b) object to the continued use of the expert or consultant by Plaintiffs. Nothing in this agreement shall act to limit the future employment with or for any competitor or supplier of Whirlpool or Sears by any expert or consultant, or any member of any expert or consultant's professional group, and should an expert or consultant accept such employment, that person shall continue to be bound by the terms of the Protective Order and may not use or share any Confidential Information produced in this litigation with the competitor or supplier, as set forth in Exhibit A.

     e.     the Court and the Court's employees and staff in these Whirlpool Actions or the Sears Actions, in accordance with the procedures regarding filing under seal as described herein and in the protective order filed in the Sears Actions;

     f.     Any person who is indicated on the face of a document to have been an author, addressee or recipient thereof;

     g.     Witnesses or deponents, and their counsel, to the extent necessary, in preparation for, or during the course of, testimony in these Whirlpool Actions;

     h.     by Order of the Court;

     i.     any person expressly named and agreed to in writing by the parties; and

     7.     Before being given access to Confidential Information, each Qualified Person (other than counsel of record, the Court, and the officers, directors, employees, and agents of the

party that produced the Confidential Information) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit A, to be bound by the terms of this Order and to be subject to the jurisdiction of this Court for the purposes of any proceeding relating to the performance under, compliance with, or violation of this Order. Counsel for each party shall maintain a list of all Qualified Persons to whom they or their client have provided any Confidential Information, and that list shall be available for inspection by the Court. In addition, each of the parties and their attorneys expressly stipulates to be subject to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to these Whirlpool Actions to enforce this Order.

8.      Except to the extent otherwise permitted by this Order, every Qualified Person provided copies of or access to Confidential Information pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Confidential Information or any portion thereof as Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Confidential Information.

9.      If any counsel of record in these Whirlpool Actions or in the Sears Actions distributes copies of material containing Confidential Information produced pursuant to this Order to one or more Qualified Persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be returned to that counsel of record or destroyed at the completion of the Qualified Person's consultation or representation in this case. Counsel of record shall, upon request by opposing counsel, or the Court, execute an affidavit

5

stating that to the best of counsel's knowledge all materials containing Confidential Information, and all copies, notes, extracts, summaries, or descriptions of any such material, have been returned or destroyed as required.  If any counsel of record in these Whirlpool Actions or in the Sears Actions distributes copies of material containing Confidential Information produced pursuant to this Order to one or more Qualified Persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be either destroyed or returned to that counsel of record at the completion of the Qualified Person's consultation or representation in these Whirlpool Actions.  If a Qualified Person destroys such material, rather than returning it to that counsel of record, the Qualified Person shall promptly provide to that counsel of record an affidavit stating that all materials containing Confidential Information, and all copies, notes, extracts, summaries, or descriptions of any such material, have been destroyed.  That counsel of record shall, upon request by opposing counsel, , or the Court, provide to opposing counsel (a) an affidavit stating that all materials containing Confidential Information, and all copies, notes, extracts, summaries, or descriptions of any such material, have, to the best of that counsel of record's knowledge, been returned or destroyed as required, and (b) all affidavits of Qualified Persons who provided that counsel of record with affidavits pursuant to the provisions of this paragraph.

      10.     Nothing in this Order shall prevent a party from using at trial or hearing or during a deposition, or in connection with briefs or other papers filed with the Court, any Confidential Information, except that any such use shall not expand the persons to whom such documents or information may be disclosed pursuant to this Order.  Any Confidential Information, including deposition transcripts, as well as briefs and other papers containing or otherwise disclosing such

information, that is filed with or otherwise submitted to the Court shall be filed under seal, and the clerk of this Court is directed to maintain such material under seal. Each such document containing such information shall be filed in a sealed envelope that shall be marked with the caption and docket number of this consolidated action, the name(s) or general description(s) of the document(s) contained therein, and the following notice:

## CONFIDENTIAL - PROTECTED BY COURT ORDER

This envelope contains Confidential Information subject to a Protective Order. The information and data contained in this envelope are protected against any use, disclosure, or display by order of the Court. This envelope may not be opened for any purpose whatsoever except by order of the Court.

Moreover, any such document filed with the Court shall be stamped as "Confidential: Subject to Protective Order" on the first page. Prior to the use of Confidential Information at trial or a hearing, the parties will discuss with the Court appropriate procedures to prevent disclosure of Confidential Information. Confidential Information shall not become a part of the public record except upon the written consent of the designating party or unless permitted by this Court.

11.     Promptly after the termination of these Whirlpool Actions by entry of final judgments or orders of dismissal, all materials containing Confidential Information shall be returned to counsel for the party who produced those materials or shall be destroyed, with the exception that counsel of record may retain one copy of each deposition transcript designated as Confidential Information, subject to the ongoing confidentiality obligations imposed herein. If material containing Confidential Information is destroyed, rather than returned, counsel of record shall promptly provide to opposing counsel of record written confirmation that all materials containing such Confidential Information have been destroyed.

12.    After the termination of these Whirlpool Actions by entry of final judgments or orders of dismissal, the provisions of this Order shall continue to be binding.  The terms of this Order constitute, and shall be deemed to be, an enforceable agreement among the parties (and their agents and attorneys, to the extent permitted by the Ohio Rules of Professional Conduct), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

13.    This Order shall be binding on the parties, their attorneys, and the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over whom or which the parties have control.

14.    This Order does not constitute a waiver or limitation of any party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential research, development, or commercial information; nor does it constitute an admission or representation by any party that any document or information designated as Confidential is in fact a trade secret or contains confidential research, development, or commercial information; nor does it constitute a waiver of any party's right to challenge the confidentiality of any redaction or designation.

15.    By producing documents for review and inspection, the parties do not waive any objections to relevance for summary judgment or other purposes or to the admissibility at trial of any such document or of any information contained in any such document.

16.    This Order does not constitute a waiver or limitation of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege or other

8

applicable privilege, the work-product doctrine, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

17.     The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party, to assert or apply for additional or different protection.

18.     Nothing in this Order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents, provided, however, should a designating party intentionally disclose publicly in a court filing or hearing any documents or information designated as Confidential Information then such public disclosure shall result in the termination of the restricted status of such information or documents.

19.     If a party in these Whirlpool Actions or in the Sears Actions inadvertently produces Confidential Information without the required "Confidential" legend, the producing party shall, within five business days of discovering the inadvertent omission, inform the receiving party in writing of the inadvertent omission and the specific material at issue. Upon receipt of such notice, the receiving party shall treat the material identified in the notice as Confidential until (a) the parties agree to non-confidential treatment of the subject material, or (b) the Court, on motion of either party made within ten (10) days of the date of the written notice regarding inadvertent omission, issues an order addressing the appropriate treatment of the subject material. A party to these Whirlpool Actions or the Sears Actions shall not be deemed to have waived any right to designate material as "Confidential" by allowing inspection of such material prior to a designation of such material as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to its disclosure.

9

20.     If a party contends that any document has been erroneously or improperly designated Confidential, it shall nevertheless treat the document as Confidential until either (a) that party obtains from the designating party written permission to do otherwise, or (b) this Court enters an order stating that the document shall not be treated as Confidential Information.

21.     A party may challenge the designation of a document or other material as Confidential only as follows:

        a.     If a party believes that material designated by another as Confidential has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to that material under this Order, that party (the "challenging party") shall provide to the designating party written notice of that disagreement, stating the reason(s) for the challenge. During the 10-day period following service of the written challenge on the designating party (the "Meet and Confer Period"), the challenging and designating parties shall first try to dispose of such challenge in good faith on an informal basis.

        b.     If neither the designation nor the objection is withdrawn during the 10-day Meet and Confer Period, the designating party shall have an additional 10 days from the expiration of the Meet and Confer Period to apply to the Court for an order designating the material as Confidential. The designating party bears the burden of establishing that the material is entitled to protection as Confidential Information. Any material that is designated as Confidential Information that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on the designating party's motion or,

10

if no motion is made, until the time for the designating party to bring a motion has

expired.

Dated: _____, 2009

_____
James S. Gwin, Judge
United States District Court

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: WHIRLPOOL CORP. FRONT-LOADING WASHER PRODUCTS LIABILITY LITIGATION | 1:08-cv-65000<br>MDL No. 2001<br>Class Action<br>Judge: James S. Gwin |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare and agree as follows:

1.    My address is _____

_____.

2.    My present employer is _____

_____.

3.    My present occupation or job description is _____

_____.

4.    I acknowledge that I may receive information or material, or both, designated as "CONFIDENTIAL" in accordance with the Protective Order ("Order") regarding treatment of Confidential Information entered by the Court in the litigation identified in the above caption.

5.    I have received a copy of that Order and have read it. I am familiar with its terms and conditions. I agree to comply with and to be bound by each of the terms and conditions of that Order. In particular, I agree to hold in confidence, in accordance with the requirements of the Order, any information and material disclosed to me pursuant to that Order.

6.    I understand that the Order has been issued by a court of competent jurisdiction and is enforceable by the power of contempt. I understand fully that my breach of the Order, or any of its terms, may result in sanctions by the Court, contempt proceedings, or other proceedings to enforce the terms of the Order.

7.    I agree (a) to notify all stenographic, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Order, (b) to provide them with a copy of this declaration for their signature, and (c) to obtain and keep the copy of this declaration after it has been properly signed.

8.     To the best of my knowledge, I am not employed by or a consultant regarding washing machines to any person or entity that is a competitor or supplier of Whirlpool Corporation or Sears, Roebuck and Co.

9.     I agree that I will not show, disseminate, or in any way communicate, orally, in writing, or otherwise, to anyone, or use or copy, for any purpose whatsoever, other than as required for the preparation and trial of this action, any Confidential Information provided to me in connection with this litigation, and I will not reveal any Confidential Information to any person who is not a "Qualified Person" as defined in paragraph 6 of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and represents my understanding of my agreement to be bound to the terms of the Protective Order.

Executed this _____ day of _____, _____, at _____.


Signed:_____

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| **IN RE: WHIRLPOOL FRONT-LOADING WASHER PRODUCTS LIABILITY LITIGATION** ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.: 1:08-cv-65001<br><br>JUDGE: JAMES S. GWIN<br><br>MAGISTRATE: GREG WHITE |

Plaintiffs and Defendant Whirlpool Corporation hereby agree that, in connection with the response of The Procter & Gamble Company to the subpoena issued by Plaintiffs in this case, the parties' agreement with respect to protection of confidential documents and material (filed with the Court on March 18, 2009) shall be supplemented to include the following designation: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and that such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material may be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, only to the following persons:

(a) Counsel for the parties, including in-house counsel, and regular and temporary employees of such counsel assisting in the conduct of this Action. This category includes any outside vendor retained by counsel to perform any photocopying, disk copying, computer imaging, data processing, court reporting, or other clerical services.

(b) Experts or consultants retained by the parties or their counsel in connection with the prosecution or defense of this Action.

(c) Witnesses or deponents, and their counsel, in preparation for, or



EXHIBIT
3

during the course of, testimony in this Action, but only if the person making the Discovery Material available has good faith reason to believe, based on information in the Discovery Material itself or information provided by the witness or deponent, that the witness or deponent (1) has previously seen the Discovery Material, or (2) has personal knowledge of the specific information contained within, or referred to by, the Discovery Material.

(d)     The Court and its personnel, including specifically the Court's law clerk(s) and the Clerk of the Court, and members of the jury. (e)     Any person who is indicated on the face of a document to have been an author, addressee or recipient thereof.

(f)     Any other person upon order of the Court, after notice and a hearing, or

(g)     upon written consent of the producing party or non-party.

Every person given access to Highly Confidential Attorneys' Eyes Only discovery material or information contained therein shall be advised that such material or information is being disclosed pursuant and subject to the terms of the parties' March 18, 2009 agreement and this supplemental agreement, and shall sign the certification attached as Exhibit A to the March 18, 2009 agreement.  All other provisions of that agreement shall apply to documents and discovery material produced by The Procter & Gamble Company and other non-parties that may produce confidential information.

Dated: July 13, 2009

| s/Michael T. Williams | s/ Mark P. Chalos |
|---|---|
| Michael T. Williams | Mark P. Chalos |
| Wheeler Trigg O'Donnell LLP | Lief Cabraser Heinmann & Bernstein |
| 1801 California Street, Suite 3600 | Ste 1650 |
| Denver, CO 80202 | 150 Fourth Avenue |
| Telephone: (303) 244-1800 | Nashville, TN 37219 |
| E-mail: williams@wtklaw.com | 615-313-9000 |
| Attorney for Defendant Whirlpool Corp. | E-mail: mchalos@lchb.com |
| | Lead Counsel for Plaintiffs |

**Lenhart, Amanda**

| | |
|---|---|
| **From:** | Steven A. Schwartz [steveschwartz@chimicles.com] |
| **Sent:** | Thursday, May 20, 2010 3:41 PM |
| **To:** | Lenhart, Amanda |
| **Cc:** | mschlachet@clevelandnet.com |
| **Subject:** | Whirlpool Mold MDL Litigation--P&G docs |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Amanda—as you know, Judge Gwin, per his standard practice, has refused to enter any protective orders in this case.  Our class certification hearing is set for the morning of next Thursday, May 27.  Plaintiffs may introduce into evidence some portions of the Fitzgerald transcript and marked exhibits.  While we can point out to Judge Gwin that certain documents have been designated confidential by P&G, we cannot guarantee whether the Court will exercise its discretion to seal those documents/deposition excerpts.

I wanted to provide you notice of the hearing so P&G can take any steps it deems appropriate to protect its interest.

If you intend to show up to the hearing on behalf of P&G, please let me know.  Feel free to call me to discuss as we are willing to provide P&G with reasonable cooperation regarding these issues/

Thanks.

Steve

Steven A. Schwartz
Chimicles & Tikellis LLP
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (extension 319)
(610) 645-4720 (direct dial)
(610) 649-3633 (telecopy)

**PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE**
The information contained in this e-mail message is confidential
information that is intended to remain confidential.



EXHIBIT
4

## Lenhart, Amanda

| | |
|---|---|
| **From:** | Steven A. Schwartz [steveschwartz@chimicles.com] |
| **Sent:** | Thursday, May 20, 2010 5:17 PM |
| **To:** | Lenhart, Amanda |
| **Cc:** | mschlachet@clevelandnet.com |
| **Subject:** | RE: Whirlpool Mold MDL Litigation--P&G docs |

Amanda—we haven't decided exactly which excerpts/exhibits to use since Whirlpool will be producing a live witness and we don't know what he will say & what we will need to use to cross examine him. We will ask the Court to seal any P&G confidential exhibits & reference our agreement and the proposed confidentiality stipulation that all parties filed, but as you know Judge Gwin has refused to sign the confidentiality stipulation & obviously we do not have control over what the Court might do.

If you want let's schedule time to discuss tomorrow. I am available at noon or 1 pm.

steve

Steven A. Schwartz
Chimicles & Tikellis LLP
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (extension 319)
(610) 645-4720 (direct dial)
(610) 649-3633 (telecopy)

**PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE**
The information contained in this e-mail message is confidential
information that is intended to remain confidential.

**From:** Lenhart, Amanda [mailto:Amanda.Lenhart@DINSLAW.COM]
**Sent:** Thursday, May 20, 2010 4:24 PM
**To:** Steven A. Schwartz
**Cc:** mschlachet@clevelandnet.com
**Subject:** RE: Whirlpool Mold MDL Litigation--P&G docs
**Importance:** High

I left you a voicemail. I need you to send me the deposition excerpts and documents that you intend to use ASAP. Thanks.

**From:** Steven A. Schwartz [mailto:steveschwartz@chimicles.com]

**Sent:** Thursday, May 20, 2010 3:41 PM
**To:** Lenhart, Amanda
**Cc:** mschlachet@clevelandnet.com
**Subject:** Whirlpool Mold MDL Litigation--P&G docs

Amanda—as you know, Judge Gwin, per his standard practice, has refused to enter any protective orders in this case.  Our class certification hearing is set for the morning of next Thursday, May 27.  Plaintiffs may introduce into evidence some portions of the Fitzgerald transcript and marked exhibits.  While we can point out to Judge Gwin that certain documents have been designated confidential by P&G, we cannot guarantee whether the Court will exercise its discretion to seal those documents/deposition excerpts.

I wanted to provide you notice of the hearing so P&G can take any steps it deems appropriate to protect its interest.

If you intend to show up to the hearing on behalf of P&G, please let me know.  Feel free to call me to discuss as we are willing to provide P&G with reasonable cooperation regarding these issues/

Thanks.

Steve

Steven A. Schwartz
Chimicles & Tikellis LLP
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (extension 319)
(610) 645-4720 (direct dial)
(610) 649-3633 (telecopy)

**PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE**
The information contained in this e-mail message is confidential information that is intended to remain confidential.


***NOTICE***: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

**Lenhart, Amanda**

| | |
|---|---|
| **From:** | Steven A. Schwartz [steveschwartz@chimicles.com] |
| **Sent:** | Friday, May 21, 2010 2:06 PM |
| **To:** | Lenhart, Amanda |
| **Cc:** | Mark Schlachet |
| **Subject:** | RE: P&G Docs |

Amanda—I am discussing the issue with my team and will get back to you.  I can say we will not introduce anything beyond the transcript or the marked exhibits.

Steve

Steven A. Schwartz
Chimicles & Tikellis LLP
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (extension 319)
(610) 645-4720 (direct dial)
(610) 649-3633 (telecopy)

**PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE**
The information contained in this e-mail message is confidential
information that is intended to remain confidential.

---

**From:** Lenhart, Amanda [mailto:Amanda.Lenhart@DINSLAW.COM]
**Sent:** Friday, May 21, 2010 12:06 PM
**To:** Steven A. Schwartz
**Subject:** P&G Docs
**Importance:** High

Steve:  In lieu of our noon call, please consider that I have just spoken with Michael Williams who has requested P&G's consent to use the attached documents from the Fitzgerald depo at the hearing.  P&G has agreed that the parties may use this information.  With this information, we would appreciate it if you could tell us if you wish to use any other P&G's documents so that P&G does not have to incur the expense of a motion for protective order and my appearance at the hearing.  Please advise asap.

Dinsmore & Shohl
**Amanda Prebble Lenhart, Esq.**
*Partner*
255 E. 5th St., Suite 1900; Cincinnati, OH 45202
Phone: (513) 977-8692; Fax: (513) 977-8141
amanda.lenhart@dinslaw.com; www.dinslaw.com

Assistant:
Becky J. Wagner (513) 977-8299; becky.wagner@dinslaw.com

**NOTICE**: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

## Lenhart, Amanda

| | |
|---|---|
| **From:** | Steven A. Schwartz [steveschwartz@chimicles.com] |
| **Sent:** | Monday, May 24, 2010 3:10 PM |
| **To:** | Lenhart, Amanda |
| **Cc:** | Richard J. Burke; Selbin, Jonathan D.; Chalos, Mark P.; Wong, Allen; George Lang |
| **Subject:** | Whirlpool MDL-- P&G Docs |

Amanda—My team has conferred about this issue and given the uncertainty of the specific testimony Whirlpool will elicit from its single live witness Anthony Hardaway, and the uncertainty of what questions the Court may ask, we cannot rule out the possibility that we may need to introduce into evidence at least some of the exhibits listed in your email below or testimony related to or authenticating some of those exhibits.  Our team is certainly willing to tell the Court that we do not oppose any request by P&G to seal those documents, but obviously the Court will be the final arbiter of that.

While we appreciate P&G's concerns, many of these documents reflect information discussed in communications between  P&G and Whirlpool and/or bear upon the P&G documents/testimony that Whirlpool intends to introduce (without objection by P&G).

I am copying the members of my team who will be at the hearing Thursday; please copy them on all communications on this issue.  If you wish to discuss further feel free to call me.

Regards,

steve


Steven A. Schwartz
Chimicles & Tikellis LLP
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (extension 319)
(610) 645-4720 (direct dial)
(610) 649-3633 (telecopy)

**PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE**
The information contained in this e-mail message is confidential
information that is intended to remain confidential.

**From:** Lenhart, Amanda [mailto:Amanda.Lenhart@DINSLAW.COM]
**Sent:** Monday, May 24, 2010 1:55 PM
**To:** Steven A. Schwartz
**Subject:** RE: P&G Docs

I omitted from this email my request that you let me know whether you wish to use these docs at the hearing.

---

**From:** Lenhart, Amanda
**Sent:** Monday, May 24, 2010 11:55 AM
**To:** 'Steven A. Schwartz'
**Subject:** RE: P&G Docs
**Importance:** High

Steve:

My client has reviewed the Fitzgerald deposition exhibits and advised that they will not remove the "Highly Confidential---Attorneys' Eyes Only" designation from the following exhibits, which contain P&G's trade secret/proprietary information:

Exhibits 2, 5, 12, 18, 19, 20, 22, 27, 31, 32, 36

The majority of these exhibits provide insight into the development of Tide Washing Machine Cleaner and Whirlpool is a direct competitor in that space.

Dinsmore&Shohl LLP
ATTORNEYS

**Amanda Prebble Lenhart, Esq.**
*Partner*
255 E. 5th St., Suite 1900; Cincinnati, OH 45202
Phone: (513) 977-8692; Fax: (513) 977-8141
amanda.lenhart@dinslaw.com; www.dinslaw.com

Assistant:
Becky J. Wagner (513) 977-8299; becky.wagner@dinslaw.com

---

**From:** Steven A. Schwartz [mailto:steveschwartz@chimicles.com]
**Sent:** Friday, May 21, 2010 2:06 PM
**To:** Lenhart, Amanda
**Cc:** Mark Schlachet
**Subject:** RE: P&G Docs

Amanda—I am discussing the issue with my team and will get back to you.  I can say we will not introduce anything beyond the transcript or the marked exhibits.

Steve

Steven A. Schwartz
Chimicles & Tikellis LLP
One Haverford Centre

5/26/2010

Haverford, PA 19041
(610) 642-8500 (extension 319)
(610) 645-4720 (direct dial)
(610) 649-3633 (telecopy)

## PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE
The information contained in this e-mail message is confidential
information that is intended to remain confidential.

**From:** Lenhart, Amanda [mailto:Amanda.Lenhart@DINSLAW.COM]
**Sent:** Friday, May 21, 2010 12:06 PM
**To:** Steven A. Schwartz
**Subject:** P&G Docs
**Importance:** High

Steve: In lieu of our noon call, please consider that I have just spoken with Michael Williams who has requested
P&G's consent to use the attached documents from the Fitzgerald depo at the hearing. P&G has agreed that the
parties may use this information. With this information, we would appreciate it if you could tell us if you wish to
use any other P&G's documents so that P&G does not have to incur the expense of a motion for protective order
and my appearance at the hearing. Please advise asap.

Dinsmore & Shohl
**Amanda Prebble Lenhart, Esq.**
*Partner*
255 E. 5th St., Suite 1900; Cincinnati, OH 45202
Phone: (513) 977-8692; Fax: (513) 977-8141
amanda.lenhart@dinslaw.com; www.dinslaw.com

Assistant:
Becky J. Wagner (513) 977-8299; becky.wagner@dinslaw.com

**NOTICE**: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-
client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized
persons. If you have received this electronic mail transmission in error, please delete it from your system without
copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

5/26/2010

## Lenhart, Amanda

| | |
|---|---|
| **From:** | Steven A. Schwartz [steveschwartz@chimicles.com] |
| **Sent:** | Monday, May 24, 2010 5:45 PM |
| **To:** | Lenhart, Amanda |
| **Cc:** | Richard J. Burke; Selbin, Jonathan D.; Chalos, Mark P.; Wong, Allen; George Lang |
| **Subject:** | RE: Whirlpool MDL-- P&G Docs |

Amanda—we are complying with our agreements and have maintained the confidentiality of P&G's documents that were produced pursuant to a Court-issued subpoena. The agreements do not prohibit using confidential documents at court hearings or at trial. See paragraph 10 of the parties' Protective Order. Nonetheless, we do not intend to unilaterally disclose them at the hearing. Rather, before using them we will raise the confidentiality issue with the Court. You can argue about the need for confidentiality protection as well, and we do not intend to oppose a request to seal any documents that meet the standard fro protection. Like every other issue subject to litigation, the Court has the authority to decide if P&G's confidentiality concerns meet the legal standard for protection and decide the proper scope of any necessary protection. If you would like to participate via telephone at the hearing to reduce your costs we can investigate if that can be done.

Steven A. Schwartz
Chimicles & Tikellis LLP
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (extension 319)
(610) 645-4720 (direct dial)
(610) 649-3633 (telecopy)

## PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE

The information contained in this e-mail message is confidential
information that is intended to remain confidential.

**From:** Lenhart, Amanda [mailto:Amanda.Lenhart@DINSLAW.COM]
**Sent:** Monday, May 24, 2010 5:21 PM
**To:** Steven A. Schwartz
**Cc:** Richard J. Burke; Selbin, Jonathan D.; Chalos, Mark P.; Wong, Allen; George Lang
**Subject:** RE: Whirlpool MDL-- P&G Docs

Steve: I am very disappointed in the position you have taken. P&G's documents and ESI were produced to you pursuant to a Stipulated Protective Order. Whether or not Judge Gwin signed the Stipulation does not relieve Plaintiffs of their obligations to maintain the confidentiality of P&G's documents and information as provided therein. Without P&G's consent, the introduction of P&G's documents and information in any manner other than an in camera inspection would constitute a breach of the Stipulated Protective Order.

Accordingly, we renew our request that you refrain from using the documents and information identified below

unless the Court agrees to review them in camera. Obviously, if the Court does not agree to an in camera inspection, you are nonetheless required under the Agreement to refrain from using them. If you are still unwilling to abide by these terms, P&G will seek its fees and expenses in filing a motion for protective order and attending the hearing.

## Dinsmore&Shohl..ⴱ
ATTORNEYS

**Amanda Prebble Lenhart, Esq.**
*Partner*
255 E. 5th St., Suite 1900; Cincinnati, OH 45202
Phone: (513) 977-8692; Fax: (513) 977-8141
amanda.lenhart@dinslaw.com; www.dinslaw.com

Assistant:
Becky J. Wagner (513) 977-8299; becky.wagner@dinslaw.com

**From:** Steven A. Schwartz [mailto:steveschwartz@chimicles.com]
**Sent:** Monday, May 24, 2010 3:10 PM
**To:** Lenhart, Amanda
**Cc:** Richard J. Burke; Selbin, Jonathan D.; Chalos, Mark P.; Wong, Allen; George Lang
**Subject:** Whirlpool MDL-- P&G Docs

Amanda—My team has conferred about this issue and given the uncertainty of the specific testimony Whirlpool will elicit from its single live witness Anthony Hardaway, and the uncertainty of what questions the Court may ask, we cannot rule out the possibility that we may need to introduce into evidence at least some of the exhibits listed in your email below or testimony related to or authenticating some of those exhibits. Our team is certainly willing to tell the Court that we do not oppose any request by P&G to seal those documents, but obviously the Court will be the final arbiter of that.

While we appreciate P&G's concerns, many of these documents reflect information discussed in communications between P&G and Whirlpool and/or bear upon the P&G documents/testimony that Whirlpool intends to introduce (without objection by P&G).

I am copying the members of my team who will be at the hearing Thursday; please copy them on all communications on this issue. If you wish to discuss further feel free to call me.

Regards,

steve


Steven A. Schwartz
Chimicles & Tikellis LLP


5/26/2010

One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (extension 319)
(610) 645-4720 (direct dial)
(610) 649-3633 (telecopy)

**PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE**
The information contained in this e-mail message is confidential
information that is intended to remain confidential.

---

**From:** Lenhart, Amanda [mailto:Amanda.Lenhart@DINSLAW.COM]
**Sent:** Monday, May 24, 2010 1:55 PM
**To:** Steven A. Schwartz
**Subject:** RE: P&G Docs

I omitted from this email my request that you let me know whether you wish to use these docs at the hearing.

---

**From:** Lenhart, Amanda
**Sent:** Monday, May 24, 2010 11:55 AM
**To:** 'Steven A. Schwartz'
**Subject:** RE: P&G Docs
**Importance:** High

Steve:

My client has reviewed the Fitzgerald deposition exhibits and advised that they will not remove the "Highly Confidential---Attorneys' Eyes Only" designation from the following exhibits, which contain P&G's trade secret/proprietary information:

Exhibits 2, 5, 12, 18, 19, 20, 22, 27, 31, 32, 36

The majority of these exhibits provide insight into the development of Tide Washing Machine Cleaner and Whirlpool is a direct competitor in that space.

Dinsmore&Shohl LLP
ATTORNEYS

**Amanda Prebble Lenhart, Esq.**
*Partner*
255 E. 5th St., Suite 1900; Cincinnati, OH 45202
Phone: (513) 977-8692; Fax: (513) 977-8141
amanda.lenhart@dinslaw.com; www.dinslaw.com

Assistant:
Becky J. Wagner (513) 977-8299; becky.wagner@dinslaw.com

---

**From:** Steven A. Schwartz [mailto:steveschwartz@chimicles.com]
**Sent:** Friday, May 21, 2010 2:06 PM
**To:** Lenhart, Amanda
**Cc:** Mark Schlachet

**Subject:** RE: P&G Docs

Amanda—I am discussing the issue with my team and will get back to you. I can say we will not introduce anything beyond the transcript or the marked exhibits.

Steve

Steven A. Schwartz
Chimicles & Tikellis LLP
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (extension 319)
(610) 645-4720 (direct dial)
(610) 649-3633 (telecopy)

**PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE**
The information contained in this e-mail message is confidential
information that is intended to remain confidential.

---

**From:** Lenhart, Amanda [mailto:Amanda.Lenhart@DINSLAW.COM]
**Sent:** Friday, May 21, 2010 12:06 PM
**To:** Steven A. Schwartz
**Subject:** P&G Docs
**Importance:** High

Steve: In lieu of our noon call, please consider that I have just spoken with Michael Williams who has requested P&G's consent to use the attached documents from the Fitzgerald depo at the hearing. P&G has agreed that the parties may use this information. With this information, we would appreciate it if you could tell us if you wish to use any other P&G's documents so that P&G does not have to incur the expense of a motion for protective order and my appearance at the hearing. Please advise asap.

<u>Dinsmore & Shohl</u>
**Amanda Prebble Lenhart, Esq.**
*Partner*
255 E. 5th St., Suite 1900; Cincinnati, OH 45202
Phone: (513) 977-8692; Fax: (513) 977-8141
amanda.lenhart@dinslaw.com; www.dinslaw.com

<u>Assistant:</u>
Becky J. Wagner (513) 977-8299; becky.wagner@dinslaw.com

**NOTICE**: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.