# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **In re: WHIRLPOOL CORP. FRONT-LOADING WASHER PRODUCTS LIABILITY LITIGATION** <br><br> Gina Glazer v. Whirlpool Corporation | **1:08-wp-65001** <br> **1:08-wp-65000** <br><br> **MDL No. 2001** <br><br> **Class Action** <br><br> **Judge: James S. Gwin** |

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
## IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY AN OHIO CLASS

Defendant Whirlpool Corporation ("Whirlpool") submits, as Exhibit 1, the attached supplemental authority, *Payne v. Fujifilm U.S.A., Inc.*, Case No. 2:07-cv-00385-GEB-MCA (D.N.J. May 28, 2010), in further support of Defendant's Opposition to Plaintiffs' Motion to Certify an Ohio Class. In *Payne*, the plaintiffs brought a putative class action against Fujifilm alleging claims for, *inter alia*, breach of warranty and consumer fraud based on allegations that all of Fujifilm's FinePix 3800 cameras "'contained a defect with the internal memory battery and/or power assembly'" and the alleged defect was not disclosed to the plaintiffs before sale. (Ex. 1 at 2.) Pursuant to Rule 23(b)(3), the court denied class certification for reasons that apply with equal force to Plaintiffs' Motion to Certify an Ohio Class ("Motion") in this case. Specifically, the court noted that Rule 23(b)(3) predominance requires more than a "common claim," that "the 'nature of the evidence that will suffice to resolve the question determines whether [a] question is common or individual," and that, "'[i]f proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable.'" (*Id.* at 5-6 (quoting *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311 (3d Cir. 2008). The court then concluded:

> The court recognizes that proof of a defect is necessary to all of Plaintiffs' claims in this case. . . . Because the great majority of the proposed class has not experienced any malfunction with the FinePix 3800 camera and because individual issues of causation will still need to be adjudicated, the question of whether a defect exists in this case will need to be determined based on facts that are particular to each individual proposed class member.

(*Id.* at 11.)

Whirlpool submits that the attached decision, in a substantially similar putative consumer-product class action, may materially aid the Court in its consideration of Plaintiffs' Motion.

Dated:  June 11, 2010

                                            Respectfully submitted,

s/ Michael T. Williams
Michael T. Williams   (Colorado #33172)
Malcolm E. Wheeler   (Colorado #21200)
Galen D. Bellamy     (Colorado #31705)
Theresa R. Wardon    (Colorado #41510)
Joel S. Neckers      (Colorado #40886)
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Telephone:  (303) 244-1800
Facsimile:   (303) 244-1879
E-mail: williams@wtotrial.com

F. Daniel Balmert (#0013809)
Anthony J. O'Malley (#0017506)
Vorys Sater Seymour and Pease LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, OH  44114-1724
Telephone: (216) 479-6159
Facsimile: (216) 937-3735
E-mail: ajomalley@vorys.com

Attorneys for Defendant Whirlpool Corp.

2

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on June 11, 2010, a copy of the foregoing DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY AN OHIO CLASS was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

        s/ Michael T. Williams
        Michael T. Williams, Esq.
        Attorney for Defendant Whirlpool Corp.
        Wheeler Trigg O'Donnell LLP
        1801 California Street, Suite 3600
        Telephone: (303) 244-1800
        Facsimile:  (303) 244-1879
        Email:  williams@wtotrial.com