UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                   :

                                   :

In re: WHIRLPOOL CORP.        :        CASE NO. 1:08-WP-65000
FRONT-LOADING WASHER     :
PRODUCTS LIABILITY LITIGATION   :

                                   :        OPINION & ORDER
                                   :        [Resolving Doc. 23.]
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The parties in this multidistrict products liability litigation jointly propose a protective order allowing them to limit public disclosure of information they designate as confidential.  [Doc. 23.]

Granting a protective order motion is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (citation omitted).  Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity.  *See Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1179 (6th Cir. 1983); *see also Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (observing that "trials are public proceedings" and that access to court records preserves "the rights of the public, an absent third party").  Thus, courts in the Sixth Circuit approach protective order motions with a presumption in favor of public access to judicial records.  *See, e.g.*, *In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997).

Moreover, the fact that all parties jointly seek a protective order does not overcome this presumption.  *See Proctor & Gamble Co.*, 78 F.3d at 227 (warning district courts against "abdicat[ing their] responsibility to oversee the discovery process and to determine whether filings

Case No.1:08-WP-65000
Gwin, J.

should be made available to the public" and against "turn[ing] this function over to the parties,"

which would be "a violation not only of Rule 26(c) but of the principles so painstakingly discussed

in *Brown & Williamson*").

A successful protective order motion must show specifically that disclosure of particular

information would cause serious competitive or financial harm. *See, e.g.*, *Brown & Williamson*, 710

F.2d at 1179-80. Here, the parties fail to meet that standard. The proposed protective order is

exceedingly broad and unspecific, giving a party blanket authority to designate documents as

confidential that it unilaterally determines contain trade secrets. [Doc. 23-1 at ¶ 1.] The parties have

failed to show that public disclosure of any particular information might cause serious harm.

The parties are, of course, free to privately contract to limit disclosure of documents and

information. And any party or non-party may move to seal individual documents—provided that

they make the requisite particularized showing.

The Court thus **DENIES** the parties' proposed protective order. [Doc. 23.]

IT IS SO ORDERED.

Dated: July 14, 2010                                s/        *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE