UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| : | | |
| : | | |
| In re: WHIRLPOOL CORP. | : | CASE NO. 1:08-WP-65000 |
| FRONT-LOADING WASHER | : | |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 84.] |
| | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this multidistrict products liability litigation, this Court granted in part Defendant Whirlpool Corporation's motion to dismiss the Plaintiffs' "false representation fraud claims." [Doc. 77.]  However, the Court gave the Plaintiffs leave to amend their allegations to include the particularity required by Federal Rule of Civil Procedure 9(b).  [Id.]  Subsequently, the Plaintiffs filed a Third Amended Master Class Action Complaint ("MCAC").  [Doc 80.]

Defendant Whirlpool Corporation now moves this Court to dismiss the Plaintiffs' newly pleaded fraud claims on the grounds that the claims (1) still lack the required particularity, (2) fail to allege any actionable false statement, and (3) are prohibited by the relevant state consumer fraud statutes as a matter of law.  [Doc. 84.]  For the following reasons, the Court **DENIES** Defendant Whirlpool's partial motion to dismiss.

## I. Legal Standard

Federal Rule of Civil Procedure 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud . . . ."  Rule 9(b) requires a plaintiff to plead "the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the

Case No.1:08-WP-65000
Gwin, J.

fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006).  In other words, a plaintiff must allege the "'who, what, when, where, and how' of the alleged fraud." *Id.* at 877 (citation omitted).  This requirement ensures that the complaint "alert[s] the defendants 'to the precise misconduct with which they are charged'" to protect them "'against spurious charges of immoral and fraudulent behavior.'" *Id.* at 877 (citation omitted).

## II. Background

The Plaintiffs say Whirlpool has violated various state and federal laws in the marketing and sale of its front-loading washing machines because alleged defects in the machines lead to mold problems.  The Plaintiffs allege violations of the Ohio Consumer Sales Practices Act, tortious breach of warranty, negligent design and failure to warn, breach of express and implied warranties, unjust enrichment, and fraud-based violations of numerous state consumer protection and deceptive trade practices statutes.  [Doc. 80 at 2.]

The Plaintiffs' amended fraud claims allege that Defendant Whirlpool made express representations about the quality of its washing machines—namely, that the washing machines sold are "High Efficiency" and "ENERGY STAR" compliant.  [Doc. 80 at ¶31.]  The Plaintiffs further allege that the washers' "Use and Care Guides" recommend "High Efficiency" detergent, and that "[e]very Washing Machine has the 'ENERGY STAR' logo . . . ."  [Doc. 80 at ¶¶ 34, 40.]

According to the Plaintiffs, the ENERGY STAR certification indicates that the labeled machines save in water and energy use.  [Doc. 80 at ¶33.]  The Plaintiffs stop short of alleging that this representation is false, however.  [Doc. 89 at 5.]  Instead, the Plaintiffs say that while labeling its products ENERGY STAR compliant, Whirlpool concealed the fact that customers would need

Case No.1:08-WP-65000
Gwin, J.

to run extra cycles of hot water and other cleaning products to combat mold problems in the machines.  [Doc. 80 at ¶37.]

Ultimately, the Plaintiffs claim that Whirlpool's partial representations about the efficiency of its washing machines "gave rise to a duty to disclose the need to run extra cycles, a material fact which Whirlpool suppressed." [Doc. 80 at ¶37.]

### III. Analysis

Although the Plaintiffs originally pled their High Efficiency and ENERGY STAR claims as false misrepresentation claims, the Plaintiffs now allege that these two statements are partial representations that give rise to a duty to disclose the need to run extra cycles.  [Doc. 80 at ¶37.]

Turning first to the High Efficiency statements, the Plaintiffs' newly amended MCAC adequately alleges a fraud-by-partial-omission theory under various states' consumer protection statutes.  As this Court previously noted, Rule 9(b) requires less specificity for omission-based fraud claims.  [Doc. 77 at 29.]  In their amended MCAC, the Plaintiffs claim that the Defendant sold the machines as "High Efficiency," and provided Use & Care Guides recommending "High Efficiency" detergent.  [Doc. 80 at ¶¶ 31, 40.]  When making these partial disclosures, however, Whirlpool allegedly failed to disclose that the need to run extra cycles to clean the machines would reduce the claimed efficiency.  [Doc. 80 at ¶37.]

Accepting all plausible inferences in favor of the Plaintiffs—including that the extra cycles render the "High Efficiency" claims misleading—and considering the relaxed Rule 9(b) standard for fraud-by-omission claims, the Court finds that the amended MCAC adequately states a claim for fraud.  To the extent the Defendant argues that the state consumer fraud statutes do not permit a partial-disclosure claim, the Defendant impermissibly seeks to shift the burden to the Plaintiffs to

-3-

Case No.1:08-WP-65000
Gwin, J.

show the claim's viability.  [Doc. 90 at 9, 11.]  Moreover, the thrust of the consumer fraud statutes

is to prevent "unfair or deceptive" acts or practices, *see, e.g.*, Ohio Rev. Code § 1345.02(A), which

include both fully false statements and misleading partial disclosures.

      As to the ENERGY STAR claims, although some of the relevant state statutes may indeed

exempt claims based on Whirlpool's use of the ENERGY STAR label,[1] the Court has already held

that the Plaintiffs may proceed on their partial omission theory.  [Doc. 76.]  Whirlpool has not

presented any new arguments that would warrant reconsideration of that holding.  The Court,

therefore, declines to limit the claim further at this stage of the litigation.

### IV. Conclusion

      For the foregoing reasons, the Court **DENIES** Defendant Whirlpool's partial motion to

dismiss.

      IT IS SO ORDERED.


Dated: September 15, 2010                s/        *James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE

---

[1]Specifically, the Plaintiffs bring claims under the Ohio Consumer Sales Practices Act, Ohio Revised Code § 1345.01; Florida Deceptive and Unfair Trade Practices Act, F.S.A. 501.201; Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1; New York General Business Law § 349; New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1; California's Unfair Competition Law, Bus. & Prof. Code §§ 17200; California's Consumers Legal Remedies Act, Cal. Civil Code §§ 1750; Maryland Consumer Protection Act, Md. Code Ann. §§13-303; North Carolina Unfair and Deceptive Trade Practices Act § 75-1.1; Arizona Consumer Fraud Act §§44-1521; Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41.  [Doc. 80 at 34-35, 48-64.]