```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
In re: WHIRLPOOL CORP.                      :    CASE NO. 1:08-WP-65000
FRONT-LOADING WASHER                        :
PRODUCTS LIABILITY LITIGATION,              :
                                            :    OPINION & ORDER
                                            :    [Resolving Doc. No. 128.]
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this multidistrict litigation, nonparty The Procter & Gamble Company ("P&G") moves the Court to enter a protective order to limit public disclosure of certain information they designate as highly confidential. [Doc. 128.] For the reasons stated below, the Court **DENIES** the motion for a protective order.

Granting a protective order motion is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (citation omitted). Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity. *See Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1179 (6th Cir. 1983); *see also Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (observing that "trials are public proceedings" and that access to court records preserves "the rights of the public, an absent third party"). Thus, courts in the Sixth Circuit approach protective order motions with a presumption in favor of public access to judicial records. *See, e.g.*, *In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997).

Moreover, the fact that all parties jointly seek a protective order does not overcome this presumption. *See Proctor & Gamble Co.*, 78 F.3d at 227 (warning district courts against

Case No. 1:08-WP-65000
Gwin, J.

"abdicat[ing their] responsibility to oversee the discovery process and to determine whether filings should be made available to the public" and against "turn[ing] this function over to the parties," which would be "a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*").

A successful protective order motion must show specifically that disclosure of particular information would cause serious competitive or financial harm. *See, e.g.*, *Brown & Williamson*, 710 F.2d at 1179-80. Here, P&G fails to meet that standard. First, P&G does not clarify how the material would be used at trial or whether it would be used at all. Second, P&G's blanket assertion that "[t]he protection of the confidentiality of this information . . . is crucial because Whirlpool is a direct or potential competitor in the [associated] product space", [Doc. 128-3 at 1.], does not demonstrate that public disclosure of the information would cause serious harm. P&G has failed to show that its documents actually contain trade secrets. Thus, the Court chooses to exercise its discretion, and P&G's motion for a protective order is **DENIED**.

P&G can file another motion at the time of trial—if the materials are used. The Court will then be in a better position to consider a protective order.

IT IS SO ORDERED.

Dated: October 1, 2012          s/        *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE