**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GINA GLAZER, et al.,** | ) | **CASE NO. 1:08WP65001** |
| | ) | **(MDL No. 2001)** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | <u>**ORDER**</u> |
| | ) | |
| **WHIRLPOOL CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon Whirlpool Corporation's Renewed Motion (ECF DKT #472) to Decertify the Ohio Class, Whirlpool Corporation's Motion (ECF DKT #473) for Judgment as a Matter of Law, and Whirlpool's Oral Motion to Strike. The Court delayed instructing the jury and closing arguments to carefully consider the extensive Motions, briefs and arguments. The Court also delayed proceedings to carefully consider Objections to Jury Instructions. For the following reasons, all Motions are denied.

<u>**Renewed Motion to Decertify the Ohio Class**</u>

To maintain class certification, Plaintiffs must continue to demonstrate numerosity, commonality, typicality, adequacy and predominance. Fed.R.Civ. P. 23. "[A] district court's order denying or granting class status is inherently tentative." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978). Further, courts have the discretion "to reassess their class rulings as the case develops." *McNamara v. Felderhof*, 410 F.3d 277, 281 n.8 (5th Cir. 2005); Fed.R.Civ.P. 23(c)(1)(C). At times, "developments in the litigation, such as the

discovery of new facts or changes in parties or in the substantive or procedural law, will necessitate reconsideration of the earlier order and the granting or denial of certification or redefinition of the class." *Foster v. D.B.S. Collection Agency*, No. 01-CV-514, 2003 U.S. Dist. LEXIS 25459 (S.D.Ohio Dec.16, 2003) (quoting Manual for Complex Litigation Third § 30.18 at 223 (1995)).  However, decertification is a drastic measure — one that is not to be taken lightly or without definitive, material alteration of the law or facts.

      In its Motion, Whirlpool does not contest numerosity; but, in the context of the presentation of evidence and testimony at trial, Whirlpool argues that commonality does not exist, or at a minimum, common questions do not predominate over individual ones. Specifically, Whirlpool insists that defect, proximate cause, and injury present individual issues.  Whirlpool also contends that its affirmative defenses present matters for individual analysis.  Whirlpool challenges Trina Allison and Gina Glazer as inadequate and atypical class representatives, and contends that the class should be decertified because it is filled with uninjured class members.

      Whirlpool's attacks on the certified class were previously asserted before this Court, the Sixth Circuit Court of Appeals, and the Supreme Court.  Following presentation at a three-week trial of the parties' respective cases, the Court finds that key facts and circumstances have not changed nor has the applicable substantive or procedural law.  Whirlpool has not met its heavy burden of demonstrating that continued class action treatment is improper. Defect, causation and injury are common to all class members.  The existence of affirmative defenses does not defeat certification.  The arguments about uninjured class members or the insistence that antagonism or conflicts exist within the class are as unpersuasive now as they

were when addressed by this Court, the Court of Appeals and the highest court in the land. Therefore, Whirlpool's Renewed Motion (ECF DKT #472) to Decertify the Ohio Class is denied.

**Motion for Judgment as Matter of Law**

On Directed Verdict, the Court must determine whether reasonable jurors could differ on issues presented them at trial. The Court finds reasonable jurors could differ on the issues of evidence of common defect, Breach of Implied Warranty, Statute of Limitations, Fraudulent Concealment and Damages.

Upon consideration of the oral arguments, evidence and subsequent briefs the Court rules as follows:

Whirlpool contends Plaintiffs have failed to prove that the variations among the Duet Washer designs are immaterial and that they suffer from a common defect. However, the Court finds there is sufficient expert testimony that all the Duet models in this case incorporated the same allegedly defective design features (i.e. crevices in the tub and crosspieces) that traps water and soils leading to build up of mold and mildew resulting in odors. There is also expert evidence, testimony of Plaintiffs and documentary evidence, including Whirlpool's own documents, upon which reasonable jurors could differ that subsequent design changes did not alleviate the mold issues. Therefore, reasonable jurors could differ on whether all Duet models included in the class suffer the same alleged defect for purposes of Breach of Implied Warranty and common-law Negligent Design claims. Therefore, the Court denies Defendant's Motion for Judgment as to the lack of a common defect in the twenty Duet models in the class.

Defendant further contends Plaintiffs have failed to offer any evidence that the Duet washers at issue are not of an acceptable quality when compared to other similar washers. The Court finds that there is sufficient expert and lay testimony and evidence on the differences in quality, maintenance and performance between the Duet washers and other similar washers such that a reasonable jury could differ on whether Defendant breached an implied warranty

Defendant also argues that Plaintiffs' claims are barred by the Statute of Limitations. Plaintiffs allege they were injured at the point of sale. Thus, Defendant argues that Plaintiffs' two-year limitation period began to run at the time of their respective washer purchases. However, Plaintiffs contend they were prevented from discovering the defect due to Defendant's fraudulent concealment of the cause of the mold and odors. The Court holds that reasonable jurors could differ on whether fraudulent concealment tolling preserves the claims of Plaintiffs Allison and Glazer because sufficient evidence has been presented. Despite Plaintiffs' arguments to the contrary, this Court has already ruled that the discovery rule does not toll the statute of limitations period. Therefore, the Court denies Defendant's Motion for Judgment on Statute of Limitations.

It is within the purview of the jury to weigh the expert testimony and to consider the damages models presented by Plaintiffs. Therefore, the Court denies Defendant's Motion for Judgment on Damages.

There is sufficient evidence in the record such that a reasonable jury could differ on whether the Duet models had a defect and whether Whirlpool breached an implied warranty. If such defects and breach are found by the jury, reasonable jurors may differ on whether the

class was proximately injured at the point of purchase.

There is sufficient evidence such that a reasonable jury could differ on whether Whirlpool breached its duty to design against reasonably foreseeable risks and the Court denies Defendant's Motion for Judgment on the issue.

The Court has previously issued rulings on Defendant's remaining arguments that: design defect requires proof that Whirlpool sold washers that created a health or safety risk; Ohio Products Liability Act abrogates Plaintiffs' common-law Breach of Implied Warranty claim; Whirlpool's Express Warranty bars Plaintiffs' Breach of Implied Warranty claim; and the Economic Loss Rule bars Plaintiffs' claims.  The Court sees no reason to depart from its prior rulings and denies Defendant's Motion for Judgment accordingly.

**Motion to Strike**

Defendant moves the Court to strike certain questions proffered to and the answers offered by Defendant's witness, Mr. Hardaway, relating to Whirlpool's market share for high-efficiency washers that were unsupported by the record.  Upon consideration of the parties' oral arguments, subsequent briefs and supporting materials, the Court denies Defendant's Motion, finding sufficient support in the record.

For the foregoing reasons, the above Motions are denied.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko  
**CHRISTOPHER A. BOYKO**  
**United States District Judge**

**Dated:  October 28, 2014**