**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: WHIRLPOOL CORP. FRONT-LOADING WASHER PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | CASE NO. 1:08-WP-65000 (MDL 2001) <br><br> JUDGE CHRISTOPHER A. BOYKO <br><br><br> **ORDER** |

**CHRISTOPHER A. BOYKO, J.:**

On April 18, 2016, the parties filed documents in support of a motion for preliminary approval of a class action settlement agreement.  *See* docket nos. 545, 546.

"Prior to approving a preliminary settlement, a court must 'independently and objectively analyze the evidence and circumstances before it in order to determine whether the settlement is in the best interest of those whose claims will be extinguished.'" *Romstadt v. Apple Computer, Inc.*, 948 F. Supp. 701, 705 (N.D. Ohio 1996) (Carr, J.) (quoting 2 Herbert Newberg & Alba Conte, *Newberg on Class Actions* §11.41 at 88–89 (3rd ed. 1992)).  When conducting this review, "the court 'acts as a fiduciary who must serve as guardian of the rights of absent class members.'" *Id.* (quoting *Grunin v. International House of Pancakes*, 513 F.2d 114, 123 (8th Cir.1975)); *see In re Dry Max Pampers Litig.*, 724 F.3d 713, 718 (6th Cir. 2013) ("the law relies upon the fiduciary obligations of the class representatives and, especially, class counsel, to protect [the interests of the

class]," and "that means the courts must carefully scrutinize whether those fiduciary obligations have been met") (internal quotation marks and citations omitted).  This review extends to all of the settlement terms, including the amount and type of settlement benefits, the amount and source of attorney fees, and the nature of the plan of notice to the class.

With one exception, the Court's preliminary review of the parties' settlement agreement leaves it satisfied the settlement is fair, reasonable and adequate under Rule 23.  The exception relates to the proposed plan of notice.  The Federal Judicial Center counsels that the "primary goals are that the notice reach as many class members as possible, preferably by individual notification . . . and that the recipients see it, recognize its connection to their lives and self-interests, read it, and act on it."  Barbara J. Rothstein & Thomas E. Willging, *Managing Class Action Litigation: A Pocket Guide for Judges* 27 (F.J.C. 3rd ed. 2010) (hereinafter, "*Pocket Guide*").

The parties' submissions include a proposed plan for giving notice to the class.  *See, e.g.*, docket no. 545-8 (publication notice); docket no. 545-10 (direct mail postcard notice); docket no. 545-5 (settlement website FAQ); docket no. 545-13 (declaration explaining strategy and statistics underlying the notice program).  The Court has reviewed the parties' notice program and has several concerns.  They are listed here in no particular order:

- the class includes about 5.5 million members, but the notice documents do not include any Spanish-language directions.  *See Pocket Guide* at 29 ("'Plain English' notices may not be enough.  Truly global settlements will include class members whose native language is not English and who may not be citizens of an English-speaking country.  Note that the FJC's illustrative class action notices on its website include an example of a Spanish language notice.").

- the notice documents direct class members who wish to exclude themselves from the settlement to *mail* an opt-out form to the settlement administrator, but then direct class members who wish to object to the settlement to *file with the Court* their objection and notice of intent to appear. *See, e.g.*, docket no. 545-10 at 3 & 5.  Unrepresented class members may not know how to file documents formally with the Court, and should also be allowed to *mail* their objections and notices of intent to appear.

- some of the notice language could be improved to make it more likely that class members take action.  For example, the postcard notice headline begins "You are prequalified to receive a benefit as part of a class action settlement."  Better would be "You are prequalified to receive compensation as part of a class action settlement."  *See* docket no. 545-10 at 2.

- the "net reach" of the notice plan is premised on the notice administrator's assumptions regarding the characteristics of the target audience (such as over the age of 45, and highly educated), *see* docket no. 545-13 at 5, but no explanation is given as to why those assumptions are used.[1]

---

[1] The notice administrator, suggesting that some of this information is based on trade secrets, does state that the "full media recommendations prepared for this media campaign, including the media quintile analysis and socio-economic analysis, can be provided for in camera review if so desired." *Id.* at 6 n.2.

Accordingly, the Court Orders as follows.  The parties will provide to the Special Master the "full media recommendations" and any other information used by the notice administrator to justify the notice plan.  The parties will also work with the Special Master (with whom the Court has discussed its concerns) to address the points noted above and improve the plan of notice.  As soon as reasonably possible, the parties will file amended notice documents, at which time the Court will resume its review of the motion for preliminary approval.

**IT IS SO ORDERED.**

                                              **s/ Christopher A. Boyko**
                                              **CHRISTOPHER A. BOYKO**
                                              **UNITED STATES DISTRICT JUDGE**

**Dated:  April 25, 2016**