IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re:  WHIRLPOOL CORP. FRONT-LOADING WASHER PRODUCTS LIABILITY LITIGATION | 1:08-wp-65000<br>1:08-wp-65001<br><br>MDL No. 2001<br><br>Class Action<br><br>Judge:  Christopher A. Boyko |

### ORDER GRANTING PRELIMINARY APPROVAL
### OF CLASS ACTION SETTLEMENT

On April 18, 2016, Plaintiffs Trina Allison, Bonnie Beierschmitt, John Bettua, Sylvia Bicknell, Paula Call, Tracy Cloer, Mara Cohen, Kathryn Cope, Giuseppina P. Donia, Laurie Fletcher, Karen Freeman, Pramila Gardner, Gina Glazer, Jeff Glennon, Susan Hirsch, Karen Hollander, Derral Howard, Heidi Klein, Peggy Lemley, Twilla Martin, Denise Miller, Charles Napoli, Rebecca Nordan, Maggie O'Brien, Vic Pfefer, Jeffrey Robinson, Sandra Robinson, Sonja Sandholm-Pound, Shannon Schaeffer, Susan Scott, Donna Seeherman, Tracie Snyder, Andrea Strong, Phil Torf, Carlos Vecino, Jennifer Wainwright, and Jane Werman (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, as defined below, and Defendants Whirlpool Corporation ("Whirlpool") and Sears, Roebuck and Co. ("Sears") (collectively, "the Parties") executed a Class Action Settlement Agreement ("Settlement Agreement" or "Agreement").  Pursuant to the Agreement, the Parties have moved for entry of an order granting preliminary approval to the Settlement provided for in the Settlement Agreement (the "Settlement").  All defined terms in this Order (i.e., all capitalized words or

phrases) shall have the same definitions and meanings as those set forth in the Parties' Settlement Agreement.

Having reviewed the Settlement Agreement and considered the Parties' submissions in support of preliminary approval of the Settlement, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

## I. CERTIFICATION OF THE SETTLEMENT CLASS

The Agreement settles all Released Claims, as defined below, that have been or could have been brought in the putative class-action Lawsuits.  The Agreement provides for a nationwide class settlement of the Released Claims concerning certain models of Whirlpool, Kenmore, and Maytag-brand front-loading washing machines that are the subject of the Lawsuits.  As a part of the Agreement, Defendants have conditionally withdrawn their objections to the certification of the Settlement Class.

A. The Court has considered (1) allegations, information, arguments, and authorities provided by the Parties in connection with pleadings and motions previously filed by each of them in this case; (2) information, arguments, and authorities provided by parties in their memoranda submitted in support of the joint motion for entry of an order granting preliminary approval to the Settlement; (3) Defendants' conditional withdrawal, for the purpose of the Settlement, of their objections to certification of the Settlement Class specified in the Settlement Agreement; (4) the terms of the Settlement Agreement including, but not limited to, the definition of the Settlement Class and the benefits to be provided to the Settlement Class; and (5) the Settlement's elimination of any potential manageability issues, ascertainability issues, and

individualized issues of fact and law that could have had a bearing on the certification of a nationwide class for trial.  Based on those considerations, the Court finds as follows:

1. The Settlement Class is ascertainable.  The class is defined solely with reference to objective criteria.  It is administratively feasible to determine class membership (assuming, arguendo, that ascertainability includes this requirement).

2. From 2001 through 2010, Whirlpool manufactured approximately 5,500,000 Whirlpool-brand, Kenmore-brand, and Maytag-brand front-loading washing machines identified by model number in Exhibit 2 to the Settlement Agreement ("Class Washers") that were sold to, acquired by, or received as a gift by persons nationwide.  These numbers readily satisfy Rule 23's numerosity requirement.

3. There are questions of law and fact common to all members of the Settlement Class based on Whirlpool's manufacture and Sears' sale of Class Washers.  Such questions include, but are not limited to, the following:

    a. Whether the Class Washers contained one or more design defects that caused the Class Washers to not adequately self-clean themselves of laundry residue and to build up mold or bacteria inside the Washers, resulting in bad odors and ruined laundry; and

    b. Whether Plaintiffs and the members of the Settlement Class can recover damages based on the alleged self-cleaning defects.

4. The Class Representatives' claims are typical of the Settlement Class.  Class Representatives are members of the Settlement Class and allege that they have been damaged by the same conduct of Defendants that they allege has damaged other members

3

of the Settlement Class. Class Representatives' claims are not in conflict with or antagonistic to the claims of the Settlement Class as a whole. The claims of Class Representatives and other members of the Settlement Class are based upon corresponding theories.

5. Class Representatives can fairly, fully, and adequately protect the interests of the Settlement Class. Plaintiffs' counsel are experienced in prosecuting complex class-action litigation, and Class Representatives and Class Counsel have no interest that conflicts with, or is adverse to, the interests of the Settlement Class.

6. Questions of law and fact common to all members of the Settlement Class predominate over any questions affecting only individual members for settlement purposes.

7. A nationwide class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

B. For the purpose of determining whether the terms of the Settlement are fair, reasonable, and adequate, the Court certifies the following Settlement Class for settlement purposes only:

> All residents of the United States and its territories who (a) purchased a new Class Washer, (b) acquired a Class Washer as part of the purchase or remodel of a home, or (c) received as a gift a new Class Washer not used by the donor or by anyone else after the donor purchased the Class Washer and before the donor gave the Class Washer to the Class Member. Excluded from the Settlement Class are (a) officers, directors, and employees of Whirlpool or Sears, or their parents or subsidiaries, (b) insurers of Class Members, (c) subrogees or all entities claiming to be subrogated to the rights of a Class Washer purchaser, a Class Washer owner, or a Class Member, and (d) all third-party issuers

4

      or providers of extended warranties or service contracts for Class Washers.

  C. The Court appoints Plaintiffs Trina Allison, Bonnie Beierschmitt, John Bettua, Sylvia Bicknell, Paula Call, Tracy Cloer, Mara Cohen, Kathryn Cope, Giuseppina P. Donia, Laurie Fletcher, Karen Freeman, Pramila Gardner, Gina Glazer, Jeff Glennon, Susan Hirsch, Karen Hollander, Derral Howard, Heidi Klein, Peggy Lemley, Twilla Martin, Denise Miller, Charles Napoli, Rebecca Nordan, Maggie O'Brien, Vic Pfefer, Jeffrey Robinson, Sandra Robinson, Sonja Sandholm-Pound, Shannon Schaeffer, Susan Scott, Donna Seeherman, Tracie Snyder, Andrea Strong, Phil Torf, Carlos Vecino, Jennifer Wainwright, and Jane Werman as the Class Representatives of the Settlement Class.

  D. The Court appoints Jonathan D. Selbin, Mark P. Chalos, and Jason L. Lichtman of the law firm Lieff Cabraser Heimann & Bernstein, LLP as Lead Class Counsel for the Settlement Class.  The Court also appoints Steven A. Schwartz of the law firm Chimicles & Tikellis LLP and James J. Rosemergy of the law firm Carey, Danis & Lowe as Class Counsel for the Settlement Class.

  E. If for any reason the Settlement Agreement ultimately does not become effective, Defendants' conditional withdrawal of their objections to the certification of the Settlement Class shall be null and void in its entirety; this Order certifying a nationwide class shall be vacated; the Parties shall return to their respective positions in the Lawsuits as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement or in this Order shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action or proceeding of any kind.

## II. PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT

A. Defendants have at all times disputed, and continue to dispute, Plaintiffs' allegations in the Lawsuits, deny any liability for any of the claims that have or could have been alleged by Plaintiffs or other members of the Settlement Class, and maintain that the Class Washers are free of defects. In fact, Defendants defended the first bellwether case through a certified class-action jury trial and prevailed in that trial.

B. The Settlement requires Whirlpool (on behalf of the Defendants) to provide specified compensation to each Class Member who meets certain eligibility requirements and who timely submits a valid, complete Claim Form, with or without specified supporting documentation depending on the Class Members' repair and complaint history, all as defined and set forth in the Settlement Agreement. All Class Members are entitled to make a claim for a 5% cash rebate off the purchase price of certain new Whirlpool-built washing machine, dryer, or washer-dryer combo models, regardless whether they experienced persistent bad odors and/or mold growth problems inside their Class Washer. All Class Members who experienced persistent (that is, more than one time) bad odors and/or mold growth problems inside their Class Washer within 5 years after purchase are entitled to make a claim for one of the following enhanced benefits: (a) a $50 cash payment; (b) a 20% cash rebate off the purchase price of certain new Whirlpool-built washing machine or dryer models; or (c) a cash reimbursement payment, up to $500, for the amount of out-of-pocket expenses Class Members can establish through sufficient documentary proof they incurred to service or replace a Class Washer due to persistent bad odors and/or mold growth problems inside the Washer.

6

C. On a preliminary basis, therefore, taking into account (1) the defenses asserted by Defendants and the jury verdict in Whirlpool's favor in the 2014 bellwether trial in *Glazer v. Whirlpool*, (2) the risks to the members of the Settlement Class that Whirlpool and Sears would continue to successfully defend against claims arising out of the facts and legal theories pled and asserted in this case, whether litigated by members of the Settlement Class themselves or on their behalf in a class action, and (3) the length of time that would be required for members of the Settlement Class, or any group of members of the Settlement Class, to obtain a final judgment through one or more additional trials and appeals, the Settlement appears fair, reasonable, and adequate.  Moreover, the Parties have reached the Settlement after nine years of exhaustive litigation, including:  written discovery; the production of over one million pages of documents by Defendants; dozens of fact and expert depositions being taken across the United States and in Europe; numerous inspections of Plaintiffs' and Class Members' washing machines; disclosure of dozens of comprehensive expert reports on liability and damages issues; conducting numerous court hearings in Ohio and Illinois; briefing and receiving rulings on motions to dismiss, summary judgment, and class certification, appeal of the class certification rulings to the Sixth Circuit, Seventh Circuit, and United States Supreme Court; trying a bellwether action to verdict in Ohio; appeal of the jury verdict to the Sixth Circuit, and engaging in arms-length settlement negotiations with and without the assistance of a mediator over the course of several years.  For all these reasons, the Settlement falls within the appropriate range of possible approval and does not appear in any way to be the product of collusion.

D. Accordingly, it is ORDERED and ADJUDGED that the Settlement Agreement and corresponding Settlement are preliminarily approved with these amendments: in Section V.A

at page 24, and in Section X.F at page 35, of the Settlement Agreement the phrase "by the Court" is changed to read "by the Special Master."

### III. APPROVAL OF THE SUMMARY SETTLEMENT NOTICES, THE LONG-FORM NOTICE OR "FAQ," THE PUBLICATION NOTICE, THE CLAIM FORMS, AND THE PLANS FOR DISTRIBUTION AND DISSEMINATION OF THE SETTLEMENT NOTICES

A. As provided for in the Settlement Agreement, the Parties have submitted: (i) two separate, proposed summary settlement notices to be mailed and emailed to identifiable Class Members (collectively, the "Summary Notices"), copies of which are attached to the Settlement Agreement as Exhibit 8; (ii) a plan for distributing the Summary Notices to the Settlement Class; (iii) a proposed long-form settlement notice in the form of Frequently Asked Questions and Answers or a "FAQ," a copy of which is attached to the Settlement Agreement as Exhibit 3 and which will be published on the Settlement Website and mailed to those Class Members who request a hardcopy; (iv) a proposed Publication Notice, a copy of which is attached to the Settlement Agreement as Exhibit 6; (v) a plan for the Publication Notice's publication in print periodicals and on websites and social media to provide additional notice to the Settlement Class; (vi) proposed Claim Forms for the cash payment, cash rebate options, and cash reimbursement Settlement benefits; (vii) a plan for allowing Class Members to file Claim Forms by email, U.S. Mail, or the Settlement Website and for mailing a Claim Form to Class Members who contact the Settlement Administrator by telephone, mail, or email requesting a Claim Form be sent to them; and (viii) a plan for establishing a Settlement Website, with the FAQ and other information and documents that the Parties jointly agree to post concerning the nature of the case and the status of the Settlement, including Claim Forms, a copy of the FAQ, information relating to relevant deadlines, a complete copy of the Settlement Agreement, and orders of the Court.

  B. The proposed plan for distributing and publishing the Summary Notices, FAQ, Publication Notice, Claim Form, and Settlement Website appears reasonably likely to notify members of the Settlement Class of the Settlement, and there appears to be no additional mode of distribution that would be reasonably likely to notify members of the Settlement Class who will not receive notice pursuant to the proposed distribution plans.  The proposed plan also satisfies the notice requirements of Federal Rule of Civil Procedure 23(e) and all applicable federal law.

  C. The Summary Notices, FAQ, Publication Notice, and Settlement Website will fairly, accurately, and reasonably inform members of the Settlement Class of (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this matter and the Settlement Agreement; (3) appropriate information about, and means for obtaining, a Claim Form; (4) appropriate information about, and means for submitting, a Claim Form for compensation under the Settlement; and (5) appropriate information about how to challenge, or exclude themselves from, the Settlement, if they wish to do so.  The Settlement notices and Settlement Website also fairly and adequately inform members of the Settlement Class that failure to complete and submit a claim in the manner and time specified in the notices, Settlement Website, and Claim Form shall constitute a waiver of any right to obtain any compensation under the Settlement.  The notices and Settlement Website also fairly and adequately inform members of the Settlement Class that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Fairness Hearing or otherwise to contest certification of the Settlement Class or

approval of the Settlement or to appeal from any order or judgment entered by the Court in connection with the Settlement.

D. The proposed Claim Forms provided for in the Settlement Agreement fairly, accurately, and reasonably inform members of the Settlement Class of (1) appropriate information about the nature of the litigation and the essential terms of the Settlement Agreement; (2) appropriate information about, and means for, submitting a claim for compensation under the Settlement; and (3) the fact that failure to complete and submit a Claim Form, in the manner and time specified in the notices, Settlement Website, and Claim Form, shall constitute a waiver of any right to obtain any compensation under the Settlement. The proposed plan for publishing the Claim Form on the Settlement Website and for mailing or emailing the Claim Form to Settlement Class Members who contact the Settlement Administrator by telephone, mail, or email requesting a Claim Form be sent to them is fair and reasonable.

E. The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process. Accordingly, the Court ORDERS as follows:

    1. The form and content of the proposed Summary Notices, FAQ, Publication Notice, and Claim Forms are approved.

2. Promptly following the entry of this Order, the Parties and Settlement Administrator shall prepare final versions of (i) the Summary Notices, (ii) FAQ, (iii) Publication Notice, and (iv) Claim Forms, incorporating into each of them the Fairness Hearing date and deadlines set forth in Part IV of this Order.

3. Within 45 days after the Court's entry of this Order, Whirlpool will file or cause to be filed with the Court a declaration of compliance with this plan of notice, including a statement of the number of persons to whom the Summary Notice was mailed.

4. The Court appoints Angeion Group as Settlement Administrator.

5. The Settlement Administrator shall perform the following functions in accordance with the Settlement Agreement, this Order, and subsequent orders that may be entered by this Court in this case:

    a. Within 30 days after entry of this Order, mail or email the appropriate Summary Notice to each address of record for identifiable members of the Settlement Class and to all members of the Settlement Class for whom valid email addresses are known to Whirlpool or Sears;

    b. Perform a national change of address search and forward notices that are returned by the U.S. Postal Service with a forwarding address;

    c. Create a Settlement Website that will include all necessary and pertinent information for Settlement Class Members, including Claim Forms, a copy of the FAQ, and information relating to relevant deadlines;

  d. At approximately the same time as the Settlement Administrator mails and emails the initial round of Settlement Notice, cause to be published the Publication Notice according to the proposed notice plan, including through the use of social media;

  e. At such time prior to the Claims Deadline as Class Counsel directs, and at least 15 days before the deadline to file claim forms, again mail and email the appropriate Summary Notice to remind Prequalified Class Members of the impending claims and other deadlines;

  f. At such time prior to the Claims Deadline as Class Counsel directs, and approximately the same time the Settlement Administrator provides the second round of mailed and emailed notices, provide a second round of Publication Notice to Class Members through the use of social media;

  g. Accept online/electronic, as well as paper, Claim Forms;

  h. Allow Settlement Class Members to electronically submit documents supporting their Claim Forms;

  i. Receive, evaluate, and either approve completed Claim Forms as meeting the requirements of the Settlement Agreement or disapprove as failing to meet those requirements sent by Persons seeking to receive compensation;

  j. No later than 30 days before mailing Notices of Claim Denial, provide to Defendants' lead counsel and Class Counsel:  (i) a list of the names and addresses of all Settlement Class Members who have submitted Claim Forms and whose Claim Forms the Settlement Administrator has determined to be Valid

12

Claims, by category of benefit; and (ii) a separate list of the names and addresses of all Persons who have submitted Claim Forms and whose Claim Forms the Settlement Administrator has determined not to be Valid Claims, by category of benefit.  Class Counsel shall then have an opportunity to review the Notices of Claim Denial and request a meet and confer with Defendants' counsel should they decide to challenge any of the Notices of Claim Denial; in the event Class Counsel challenges a Notice of Claim Denial, that Notice shall not be sent to the claimant until Class Counsel and Defendants' counsel meet and confer to arrive at a resolution;

    k.    Send, by first class United States Mail, to each Person who has submitted a Claim Form that the Settlement Administrator has determined not to be a Valid Claim, and which has not been challenged by Class Counsel, a Notice of Claim Denial;

    l.    Process requests for exclusion from the Settlement;

    m.    Process objections to the Settlement;

    n.    Provide to Class Counsel and Defendants' counsel periodic status reports regarding claims; and

    o.    Within 30 days after the payment of all Valid Claims by the Settlement Administrator, provide to Defendants' counsel and Class Counsel a statement of the total number of claims submitted (in total and by category of benefit), the total number of claims adjudicated as Valid Claims (in total and by

category of benefit), and the total dollar amount paid to Class Members (in total and by category of benefit).

## IV. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A. Fairness Hearing

The Court schedules, for September 7, 2016, at 1:30 p.m. EST, a Fairness Hearing at the Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland, Ohio 44113, Courtroom 15B, to determine whether the certification of the Settlement Class, the appointments of Class Representatives, the appointment of Class Counsel, the Settlement Agreement, and the Settlement should receive final approval.  At that time, the Court also will consider any request that may be made by Class Counsel for an award of attorney fees and reimbursement of litigation expenses to Class Counsel and for service awards to each Plaintiff, all in accordance with the terms of the Settlement Agreement.  The Parties shall file their motions for final approval of the Settlement and any briefs in support of such motions on or before August 25, 2016.

### B. Deadline for Members of the Settlement Class to Request Exclusion from the Settlement

Members of the Settlement Class who wish to be excluded from the Settlement must mail or email their requests for exclusion to the Settlement Administrator by first-class United States Mail, postmarked by the United States Postal Service no later than 90 days after entry of this Order.

### C. Deadline for Filing Objections to Matters to Be Heard at the Fairness Hearing and for Filing Requests to Appear and Present Argument or Evidence

All objections to certification of the Settlement Class, the designation of Plaintiffs as Class Representatives, the appointment of Class Counsel, the Settlement, the Settlement

Agreement, or the amount of fees and expenses that Class Counsel may apply for at the Fairness Hearing, shall be made in writing and, no later than 90 days after entry of this Order, mailed to this Court, Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland, Ohio, 44113. Any papers not submitted in the prescribed manner and time will not be considered at the Fairness Hearing, and all objections not made in the prescribed manner and time shall be deemed waived.  Responses to objections shall be filed on or before August 22, 2016.

All persons wishing to appear at the Fairness Hearing, either in person or by counsel, for the purpose of objecting to any aspect of the certification of the Settlement Class, the designation of Class Representatives as representatives of the Settlement Class, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or the amount of attorney fees and expenses or service awards that Class Counsel apply for, must mail to the Court, no later than 95 days after entry of this Order, a notice of their intention to appear setting forth the basis of their objections and summarizing the nature and source of any evidence they intend to present at the Fairness Hearing.

### D. Deadline for Submitting Claim Forms

Class members will have up to 150 days after the date of this Order to submit a Claim Form for any of the benefits available under the Settlement.

## V. CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY FEES AND COSTS AND FOR SERVICE AWARDS TO PLAINTIFFS

Within 60 days after entry of this Order Class Counsel will move the Court for entry of a separate order approving attorney fees and reimbursement of litigation expenses to Class Counsel in an amount to be agreed by the Parties or, absent agreement, to be determined by the Court.  Class Counsel also will move the Court to approve service awards to certain Class

15

Representatives.  Whirlpool shall pay any attorneys' fee and expense award to Class Counsel within 30 days after the Court's entry of the final approval order and final judgment.  Whirlpool shall pay any service awards to Class Representatives within 30 days after the Effective Date.  Whirlpool's payment of attorney fees, expenses, and service awards to Class Counsel and Class Representatives shall be wholly separate from, and in addition to, Whirlpool's payment of Settlement benefits to Class Members.

## VI. ABSENCE OF ANY ADMISSION; DENIAL OF ANY WRONGFUL ACT OR OMISSION AND OF ANY LIABILITY

The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims.  Defendants have at all times denied, and continue to deny, any wrongful act or omission alleged by Plaintiffs in this action and any liability of any sort to Plaintiffs or any member of the Settlement Class.  Nothing contained in the Settlement Agreement, in the documents relating to the Settlement Agreement, or in this Order shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

IT IS SO ORDERED.

Dated:  May 11, 2016 /s/  Christopher A. Boyko
The Honorable Christopher A. Boyko
United States District Judge